**Katherine Smith PEREZ a/k/a Katherine Annette Smith a/k/a Kathy Perez, Appellant,**

v.

**The STATE of Texas, Appellee.**

Nos. C14–91–00711–CR, C14–91–00714–CR, C14–91–00717–CR, C14–91–00720–CR, C14–91–00723–CR, C14–91–00726–CR, C14–91–00729–CR and C14–91–00732–CR.

Court of Appeals of Texas, Houston (14th Dist.).

May 21, 1992.

Frank Steelman, Bryan, for appellant.

Michelle Esparza, Bryan, for appellee.

JUNELL, ROBERTSON and DRAUGHN, JJ.

## OPINION

JUNELL, Justice.

Appellant entered pleas of guilty before the court to six offenses of theft of property of the value of $20.00 or more but less than $200.00, one offense of theft of property of the value of $200.00 or more but less than $750.00, and one offense of possession of marihuana in an amount of two ounces or less. Tex.Penal Code Ann. § 31.-03(e)(2)(A) and (e)(3)(A) and Tex.Health & Safety Code Ann. § 481.121(b)(1). She was convicted of all eight offenses and the trial court assessed punishment as follows: in cause nos. 2342–90, 1006–91, 2341–90, 2339–90, 2338–90 and 2340–90, confinement in the county jail for a period of one hundred eighty days; in cause no. 2336–90, confinement in the county jail for a period of one hundred days; in cause no. 2337–90, confinement in the county jail for a period of three hundred sixty-five days. In addition, in each of the eight cases, the trial court assessed a fine in the amount of $100.00.

Appellant's appointed counsel filed a brief in which he concludes that the appeal is wholly frivolous and without merit. The brief meets the requirements of *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), by advancing contentions that might arguably support the appeal. *See Gainous v. State,* 436 S.W.2d 137, 138 (Tex.Crim.App.1969).

A copy of counsel's brief was delivered to appellant. Appellant was advised of the right to examine the appellate record and to file a pro se brief. No pro se brief has been filed.

Counsel for appellant raises two arguable points of error. Counsel's first argua-

ble point of error is that the trial court's cumulation order was not sufficiently specific to give appellant proper notice of the sentence she is to serve. Counsel's second arguable point of error raises the contention that the trial court erred in accepting appellant's guilty plea in the absence of any evidence in support thereof.

We will deal with appellant's second contention first. The crux of appellant's argument is that the trial court attempted to cumulate appellant's sentences in these causes so that she would be required to serve a term in county jail in excess of three years, and that, since such a sentence is the equivalent of a felony, the requirements of TEX.CODE CRIM.PROC.ANN. art. 1.15 should apply. That would mean, of course, that evidence must be offered in support of appellant's guilty pleas. *See Thornton v. State*, 601 S.W.2d 340, 344 (Tex.Crim.App. [Panel Op.] 1979) (opinion on motions for rehearing.) Appellant offers no authority to support her contention that the procedure employed for felony pleas must be followed here and we are aware of no such authority. All of the offenses for which appellant was convicted are misdemeanors. It is well settled that, in a misdemeanor case, a plea of guilty or nolo contendere is conclusive of guilt and is sufficient, standing alone, to support a conviction. *Dees v. State*, 676 S.W.2d 403, 404 (Tex.Crim.App.1984). We overrule appellant's second arguable point of error.

Under his first arguable point of error, counsel for appellant contends that the order of the trial court cumulating the sentences in these causes is not sufficiently specific to give appellant proper notice of the sentence she is to serve.

We have searched the court record in vain for any written order by which the trial court cumulated the sentences assessed herein. There is no cumulation order appended to the judgments and sentences in these causes. Nor is there a separate cumulation order.

TEX.CODE CRIM.PROC.ANN. art. 42.08(a) provides:

> When the same defendant has been convicted in two or more cases, judgment and sentence shall be *pronounced* in each case in the same manner as if there had been but one conviction ... the judgment in the second and subsequent convictions may either be that the sentence imposed or suspended shall begin when the judgment and the sentence imposed or suspended in the preceding conviction *has ceased to operate*, or that the sentence imposed or suspended shall run concurrently with the other case or cases.... (Emphasis added.)

Where a defendant is sentenced on the same day in several causes, the sentences run concurrently unless the trial court, by order, expressly makes cumulative the several punishments. *Ex parte Applewhite*, 729 S.W.2d 706, 708 (Tex.Crim.App.1987). Although the statute speaks in terms of "pronouncement" of sentence, it is implicit in the case law that a cumulation order must be in writing. *See Watts v. State*, 645 S.W.2d 461 (Tex.Crim.App. [Panel Op.] 1983); *Young v. State*, 579 S.W.2d 10 (Tex. Crim.App. [Panel Op.] 1979); *Ward v. State*, 523 S.W.2d 681, 682 (Tex.Crim.App. 1975); *Ex parte Davis*, 506 S.W.2d 882, 883 (Tex.Crim.App.1974); and *Ex parte March*, 423 S.W.2d 916 (Tex.Crim.App.1968).[1] The reason for this is apparent from what the Court of Criminal Appeals said in *Stokes v. State*, 688 S.W.2d 539 (Tex.Crim.App.1985):

> A sentence is a final judgment and should be sufficient *on its face* to effect its purpose *without resort to evidence in aid thereof.* It should further convey to the authorities at the ... County jail clear and unequivocal orders of the trial court so that they may know definitely how long to detain the convict or prisoner. 688 S.W.2d at 540. (Quoting from *Ex parte Lewis*, 414 S.W.2d 682, 683

---

1. In *Williams v. State*, 675 S.W.2d 754 (Tex. Crim.App.1984), the court held that "while a cumulation order may be placed in both the judgment and sentence, a cumulation order placed only in the sentence is valid." 675 S.W.2d at 763.

(Tex.Crim.App.1967).)    (Emphasis added.) [2]

The authorities must act on the basis of what is before them, and that is only the *written* judgment and sentence of the trial court—they cannot be expected to be aware of oral pronouncements made by the trial court.

We agree with counsel for appellant that the trial court's purported oral cumulation order was void, since it was not contained in the judgment and sentence. If there was an invalid written order, then we could, or course, reform the judgment of the trial court to delete such order. *See* Tex.R.App.P. 80(b)(2) and 81(a). Since there is no written order, however, there is nothing to reform. That being the case, we overrule appellant's first arguable point of error as moot. In addition, however, we ORDER that the sentences in these causes be served concurrently and that the trial court take all appropriate action consistent with this opinion to effectuate that purpose.[3]

We agree that the appeal is wholly frivolous and without merit. Further, we find no reversible error in the record.

We affirm the judgment of the trial court.

---

**2.** As the Court of Criminal Appeals said in *Williams:* "the sentence is *the official document* which not only authorizes penitentiary authorities to confine a convict, but also conveys to them in the form of a mandatory order clearly and unequivocally the appropriate manner and length of that confinement." 675 S.W.2d at 759. (Emphasis added.)

**3.** Although judgments nunc pro tunc might be appropriate in some circumstances, the oral pronouncement of the trial court in these cases is not sufficiently specific to support a cumulation order being added to the judgments. In addition, if appellant has already discharged some part of her sentences the trial court would be barred from adding a cumulation order to sentences already imposed. *Henson v. State,* 638 S.W.2d 504, 506 (Tex.App.—Houston [1st Dist.] 1981, no pet.); *Ex parte Voelkel,* 517 S.W.2d 291, 292 (Tex.Crim.App.1975).