Ernest Alford Colliflower v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-366-CR

ERNEST ALFORD COLLIFLOWER APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 43
RD
 DISTRICT COURT OF PARKER COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Ernest Alford Colliflower was convicted of possession of less than one gram of methamphetamine, and the trial court sentenced him to two years’ confinement in a state jail facility.  Appellant raises four points on appeal.  We affirm the trial court’s judgment as modified.

In his third point, Appellant contends that the trial court abused its discretion by allowing a police officer to give an expert opinion on whether Appellant appeared to be under the influence of drugs after the officer had been disqualified as an expert.  The arresting officer testified as follows in response to the prosecutor’s questions:

Q. . . . .  Why don’t you tell us what struck you as unusual in dealing with [Appellant]?

A. He just seemed overly — overly nervous, just the fidgeting, his continual looking around, and the touching his mouth — his hands to his mouth and face area.  . . . 

Q. Okay.  And you said he was fidgeting.  What did you notice about him fidgeting?

A. He seemed to move around instead of just standing still.  Kind of moved around in a small area.  He just did not want to have eye contact with me.  Kept looking around.  Kept rubbing his hands together, touching his hands to his face.  His head would kind of jerk side-to-side a little bit.

Q. Okay.  And in seeing that, did you become concerned about anything at that point in time with regard to [Appellant]?

A. I suspected he might be using some type of narcotics.

Q. Okay.  And have you seen in your experience other people that you came to know were under the influence of narcotics?

A. Yes.

Q. And were the behaviors that you saw from [Appellant] consistent with those other people?

Appellant’s trial counsel objected at this point that the question violated the trial court’s ruling outside the jury’s presence, which was that the officer could not testify as an expert.  The trial court overruled the objection, and the officer answered the question affirmatively.  The officer’s testimony is acceptable lay testimony.
(footnote: 2)  The trial court therefore did not abuse its discretion in admitting it.  We overrule Appellant’s third point.

In his fourth point, Appellant argues that the trial erred by refusing to instruct the jury to disregard evidence that it believed, or had a reasonable doubt thereof, was obtained illegally where the evidence raised a factual defense to the basis for the stop and search.
(footnote: 3)  A trial court is required to include an Article 38.23 instruction in the jury charge only if there is a factual dispute as to how the evidence was obtained.
(footnote: 4)  The arresting officer testified that he saw Appellant throw two items from his car window before stopping him.  The littering offenses provided not only reasonable suspicion to stop Appellant, but probable cause to detain him.
(footnote: 5)  The officer testified that he stopped Appellant for littering.  Contrary to Appellant’s assertions, no evidence demonstrates that the officer did not stop Appellant for littering.  The trial court therefore did not err in refusing the Article 38.23 instruction regarding the stop.

Regarding the legality of Appellant’s extended detention, testimony showed that when Appellant pulled over, he drove up on the curb.  At that point, the arresting officer decided to investigate for a possible DWI.  Appellant’s behavior led the officer to suspect that Appellant was under the influence of drugs.  After a jar of methamphetamine was found in the area where the arresting officer saw Appellant throw something out of his car window, Appellant was arrested for possession of a controlled substance.  Appellant was not arrested for DWI, nor was he issued a citation for littering.  Again, no evidence conflicts with the arresting officer’s version of events.  Consequently, there is no factual issue about the legality of the search, and the trial court did not err in refusing the Article 38.23 instruction regarding the search.  We overrule Appellant’s third point.

In his second point, Appellant contends that the trial court abused its discretion by ordering in the written judgment that the sentence in this case be served consecutively to a prior sentence because the oral pronouncement did not so provide.  “If a trial judge wants to ‘stack’ a defendant's sentences so that they run consecutively, . . . he must make such an order at the time and place that sentence is orally pronounced.”
(footnote: 6)  A valid cumulation order should provide sufficient specific information to allow the Institutional Division of the Texas Department of Criminal Justice (IDTDCJ) to identify the prior conviction and sentence with which the newer conviction is to be cumulated.
(footnote: 7)  When there is a variation between the oral pronouncement of sentence and the written memorialization of the sentence, the oral pronouncement controls.
(footnote: 8) 

The oral pronouncement provided, “I’m going to sentence you to two years in a state jail, giving you 392 days credit, and stack your penalties for this on top of whatever exists in your other cases that are pending.  So basically, the way I see it, you’re actually going to end up serving 338 days on this case.”  The written judgment, on the other hand, provided that the sentence imposed in this case “shall not commence until the 30 year TDCJ-ID sentence rendered in cause number 11556 on March 2, 1994 in the 43
rd
 Judicial District Court of Parker County, Texas has ceased to operate.”  The controlling oral pronouncement is defective because it provides no information about the prior sentence.  We therefore modify the written judgment in this case to reflect that the sentence in this case shall run concurrently with the thirty-year IDTDCJ
 sentence rendered in cause number 11556 on March 2, 1994 in the 43
rd
 Judicial District Court of Parker County, Texas.
(footnote: 9)  Because of our disposition of this point, we do not reach Appellant’s first point.
(footnote: 10)
 Having overruled Appellant’s points concerning his conviction and having sustained his point concerning the written order that the sentence in this case be served consecutively to a prior sentence, we affirm the trial court’s judgment as modified.

PER CURIAM

PANEL F: DAUPHINOT, J.; CAYCE, C.J.; and LIVINGSTON, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: November 18, 2004

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
See Osbourn v. State
, 92 S.W.3d 531, 535-38 (Tex. Crim. App. 2002).

3:
See 
Tex. Code Crim. Proc. Ann.
 art. 38.23(a) (Vernon Supp. 2004-05).

4:
Id.
; 
Balentine v. State
, 71 S.W.3d 763, 773 (Tex. Crim. App. 2002); 
Thomas v. State
, 723 S.W.2d 696, 707 (Tex. Crim. App. 1986).

5:
See Rubeck v. State
, 61 S.W.3d 741, 745 (Tex. App.—Fort Worth 2001, no pet.) (op. on reh'g) (“When a police officer sees an offense committed in his presence, this provides probable cause for the officer to detain and arrest the offender.  Because reasonable suspicion is a lesser standard than probable cause, when an officer has probable cause to detain a suspect, the officer has also satisfied the reasonable suspicion standard for detention.”) (citations omitted).

6:
Ex parte Madding
, 70 S.W.3d 131, 136 (Tex. Crim. App. 2002).

7:
Ex parte San Migel
, 973 S.W.2d 310, 311 (Tex. Crim. App. 1998).

8:
Madding
, 70 S.W.3d at 135.

9:
See id.
 at 137; 
Perez v. State
, 831 S.W.2d 884, 887 (Tex. App.—Houston [14
th
 Dist.] 1992, no pet.); 
see also
 
Tex. R. App. P
. 43.2(b).

10:
See
 
Tex. R. App. P.
 47.1.