COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-366-CR
  
  
ERNEST ALFORD COLLIFLOWER                                             APPELLANT
  
V.
  
THE STATE OF TEXAS                                                                  STATE
  
  
------------
 
FROM THE 43RD DISTRICT COURT OF PARKER 
COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Ernest Alford Colliflower was convicted of possession of less than one gram of 
methamphetamine, and the trial court sentenced him to two years’ confinement 
in a state jail facility.  Appellant raises four points on appeal.  We 
affirm the trial court’s judgment as modified.
        In 
his third point, Appellant contends that the trial court abused its discretion 
by allowing a police officer to give an expert opinion on whether Appellant 
appeared to be under the influence of drugs after the officer had been 
disqualified as an expert.  The arresting officer testified as follows in 
response to the prosecutor’s questions:
  
Q.. . . . Why don’t you tell us what struck you as unusual in dealing with 
[Appellant]?
 
A. He 
just seemed overly — overly nervous, just the fidgeting, his continual looking 
around, and the touching his mouth — his hands to his mouth and face area. . . 
.
 
Q. 
Okay.  And you said he was fidgeting.  What did you notice about him 
fidgeting?
 
A. He 
seemed to move around instead of just standing still.  Kind of moved around 
in a small area.  He just did not want to have eye contact with me.  
Kept looking around. Kept rubbing his hands together, touching his hands to his 
face.  His head would kind of jerk side-to-side a little bit.
 
Q. 
Okay.  And in seeing that, did you become concerned about anything at that 
point in time with regard to [Appellant]?
 
A. I 
suspected he might be using some type of narcotics.
 
Q. Okay. 
And have you seen in your experience other people that you came to know were 
under the influence of narcotics?
 
A. Yes.
 
Q. And 
were the behaviors that you saw from [Appellant] consistent with those other 
people?
   
        Appellant’s 
trial counsel objected at this point that the question violated the trial 
court’s ruling outside the jury’s presence, which was that the officer could 
not testify as an expert.  The trial court overruled the objection, and the 
officer answered the question affirmatively.  The officer’s testimony is 
acceptable lay testimony.[2]  The trial court 
therefore did not abuse its discretion in admitting it. We overrule 
Appellant’s third point.
        In 
his fourth point, Appellant argues that the trial erred by refusing to instruct 
the jury to disregard evidence that it believed, or had a reasonable doubt 
thereof, was obtained illegally where the evidence raised a factual defense to 
the basis for the stop and search.[3]  A trial 
court is required to include an Article 38.23 instruction in the jury charge 
only if there is a factual dispute as to how the evidence was obtained.[4]  The arresting officer testified that he saw 
Appellant throw two items from his car window before stopping him.  The 
littering offenses provided not only reasonable suspicion to stop Appellant, but 
probable cause to detain him.[5]  The officer 
testified that he stopped Appellant for littering. Contrary to Appellant’s 
assertions, no evidence demonstrates that the officer did not stop Appellant for 
littering.  The trial court therefore did not err in refusing the Article 
38.23 instruction regarding the stop.
        Regarding 
the legality of Appellant’s extended detention, testimony showed that when 
Appellant pulled over, he drove up on the curb.  At that point, the 
arresting officer decided to investigate for a possible DWI.  Appellant’s 
behavior led the officer to suspect that Appellant was under the influence of 
drugs.  After a jar of methamphetamine was found in the area where the 
arresting officer saw Appellant throw something out of his car window, Appellant 
was arrested for possession of a controlled substance.  Appellant was not 
arrested for DWI, nor was he issued a citation for littering.  Again, no 
evidence conflicts with the arresting officer’s version of events.  
Consequently, there is no factual issue about the legality of the search, and 
the trial court did not err in refusing the Article 38.23 instruction regarding 
the search.  We overrule Appellant’s third point.
        In 
his second point, Appellant contends that the trial court abused its discretion 
by ordering in the written judgment that the sentence in this case be served 
consecutively to a prior sentence because the oral pronouncement did not so 
provide.  “If a trial judge wants to ‘stack’ a defendant's sentences 
so that they run consecutively, . . . he must make such an order at the time and 
place that sentence is orally pronounced.”[6]  
A valid cumulation order should provide sufficient specific information to allow 
the Institutional Division of the Texas Department of Criminal Justice (IDTDCJ) 
to identify the prior conviction and sentence with which the newer conviction is 
to be cumulated.[7]  When there is a variation 
between the oral pronouncement of sentence and the written memorialization of 
the sentence, the oral pronouncement controls.[8]
        The 
oral pronouncement provided, “I’m going to sentence you to two years in a 
state jail, giving you 392 days credit, and stack your penalties for this on top 
of whatever exists in your other cases that are pending.  So basically, the 
way I see it, you’re actually going to end up serving 338 days on this 
case.”  The written judgment, on the other hand, provided that the 
sentence imposed in this case “shall not commence until the 30 year TDCJ-ID 
sentence rendered in cause number 11556 on March 2, 1994 in the 43rd 
Judicial District Court of Parker County, Texas has ceased to operate.”  
The controlling oral pronouncement is defective because it provides no 
information about the prior sentence.  We therefore modify the written 
judgment in this case to reflect that the sentence in this case shall run 
concurrently with the thirty-year IDTDCJ sentence rendered in cause number 11556 
on March 2, 1994 in the 43rd Judicial District Court of Parker 
County, Texas.[9]  Because of our disposition of 
this point, we do not reach Appellant’s first point.[10]
        Having 
overruled Appellant’s points concerning his conviction and having sustained 
his point concerning the written order that the sentence in this case be served 
consecutively to a prior sentence, we affirm the trial court’s judgment as 
modified.
  
  
                                                                  PER 
CURIAM
   

  
PANEL 
F:   DAUPHINOT, J.; CAYCE, C.J.; and LIVINGSTON, J.
DO NOT PUBLISH
Tex. R. 
App. P. 47.2(b)
 
DELIVERED: November 18, 2004


NOTES
1.  See 
Tex. R. App. P. 47.4.
2.  See 
Osbourn v. State, 92 S.W.3d 531, 535-38 (Tex. Crim. App. 2002).
3.  See 
Tex. Code Crim. Proc. Ann. art. 
38.23(a) (Vernon Supp. 2004-05).
4.  Id.; 
Balentine v. State, 71 S.W.3d 763, 773 (Tex. Crim. App. 2002); Thomas 
v. State, 723 S.W.2d 696, 707 (Tex. Crim. App. 1986).
5.  See 
Rubeck v. State, 61 S.W.3d 741, 745 (Tex. App.—Fort Worth 2001, no pet.) 
(op. on reh'g) (“When a police officer sees an offense committed in his 
presence, this provides probable cause for the officer to detain and arrest the 
offender.  Because reasonable suspicion is a lesser standard than probable 
cause, when an officer has probable cause to detain a suspect, the officer has 
also satisfied the reasonable suspicion standard for detention.”) (citations 
omitted).
6.  Ex 
parte Madding, 70 S.W.3d 131, 136 (Tex. Crim. App. 2002).
7.  Ex 
parte San Migel, 973 S.W.2d 310, 311 (Tex. Crim. App. 1998).
8.  Madding, 
70 S.W.3d at 135.
9.  See 
id. at 137; Perez v. State, 831 S.W.2d 884, 887 (Tex. App.—Houston 
[14th Dist.] 1992, no pet.); see also Tex. R. App. P. 43.2(b).
10.  
See Tex. R. App. P. 47.1.