NUMBER 13-05-370-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG 

 

 

IN RE: THE STATE OF TEXAS, 

EX RELATIONE, ARMANDO R. VILLALOBOS  

COUNTY (CRIMINAL DISTRICT)
ATTORNEY, 

CAMERON COUNTY, TEXAS 

 

                       On
appeal from the County Court at Law No. 3 

                                       of
Cameron County, Texas.

 

 

                               MEMORANDUM
OPINION

 

                          Before
Justices Yañez, Castillo, and Garza

                            Memorandum
Opinion by Justice Yañez

 








Relator, the State of Texas, ex rel. Armando R.
Villalobos, County (Criminal District) Attorney, Cameron County, Texas, filed a
petition for writ of mandamus with this Court on June 9, 2005.  By this petition, the State requests this
Court to direct the trial court to withdraw a judgment of acquittal for real
party in interest, C. Douglas Wright. 
According to the State, the trial court had a ministerial duty to enter
a judgment of conviction following Wright=s plea of nolo contendere.  We deny the petition for writ of
mandamus.  

                                                                  I.  Background

C. Douglas Wright was charged with driving while
intoxicated, a violation of the duty upon striking fixture,[1]
and unlawfully carrying a weapon.  At
arraignment, the State and Wright recounted the terms of plea agreements that
had been discussed.  However, Wright, who
was represented by substitute counsel, entered Aopen@ pleas of nolo contendere to the charges.  The trial court admonished Wright, found that
the pleas were voluntarily and intelligently made, and accepted the pleas.  The court informed Wright that the effect of
the plea was that Ayou allow the Court to listen to the testimony . . .
. I can decide your guilt or innocence, I can decide your punishment.@  The State and
Wright introduced evidence and argument regarding the charges.  Wright denied the intoxication charge.  Wright=s counsel raised, without objection, the Atraveling@ defense to the charge of unlawfully carrying a
weapon, and then moved for a judgment of acquittal based on insufficient
evidence as to the other two charges. 
The State objected:

Your Honor, for the record, I would object to Mr.
Cisneros= interpretation of a no contest plea.  I believe it would have the same legal effect
as a guilty plea.  However, that being
said, Your Honor, we have no opposition to deferred adjudication, minimal time
limit of probation on each of the offenses. 


 








The trial court stated that it believed it was the
court=s duty to hear the evidence Abecause sometimes defendants don=t know better,@ and that it was within the court=s authority to find the defendant not guilty of the
charge.

Without further objection, the trial court deferred
the finding of guilt on the failure of duty upon striking fixture, placed
Wright on a six month period of probation, and assessed a fine of $300.00.  The trial court found Wright not guilty of
the charges of driving while intoxicated and unlawfully carrying a weapon.  The State has not elected to challenge the
trial court=s rulings regarding the failure of duty or the weapon
charge.  The State attacks the trial
court=s acquittal on the driving while intoxicated charge
through this writ of mandamus and by appeal in appellate cause no.
13-05-268-CR.   

                                                           II.  Standard of Review

Mandamus relief may be granted if the relator shows
the following: (1) that the act sought to be compelled is purely ministerial
and (2) that there is no adequate remedy at law.  De Leon v. Aguilar, 127 S.W.3d 1, 5
(Tex. Crim. App. 2004); Winters v. Presiding Judge of the Crim. Dist. Court
No. Three, 118 S.W.3d 773, 775 (Tex. Crim. App. 2003); State ex rel.
Rosenthal v. Poe, 98 S.W.3d 194, 198 (Tex. Crim. App. 2003).  

An act is ministerial if it does not involve the
exercise of any discretion.  Winters,
118 S.W.3d at 775.  Additionally, the
relator must have a "clear right to the relief sought," meaning that
the merits of the relief sought are "beyond dispute."  In re Rodriguez, 77 S.W.3d 459, 461
(Tex. App.BCorpus Christi 2002, orig. proceeding).  The requirement of a clear legal right
necessitates that the law plainly describe the duty to be performed such that
there is no room for the exercise of discretion.  See id.  

                                                                    III.  Analysis








            The State contends that the trial
court did not have the authority to find Wright not guilty because Wright had
entered an Aopen@ plea of nolo contendere.  A plea of nolo contendere, or no contest, is
the equivalent of a plea of guilty insofar as criminal prosecution is
concerned.  See Tex. Code Crim. Proc. Ann. ' 27.02(5); Lucero v. State, 502 S.W.2d 750,
752 (Tex. Crim. App. 1973).  According to
the State, Wright=s plea of nolo contendere was conclusive of Wright=s guilt and the trial court had a ministerial duty to
enter a judgment of conviction.  

We disagree. 
First, nothing in article 27.14 or the case law cited by the State
requires the trial court to enter a verdict on the plea.  See  Tex. Code Crim. Proc. Ann. art. 27.14(a) (Vernon 1989 &
Supp. 2004-05).  Rather, the principle
underlying the article and cases construing the article is that the validity of
a conviction following a plea of guilty or nolo contendere can be sustained by
the plea itself, without the necessity of proving facts substantiating the
guilt of the defendant.  See, e.g.,
Dees v. State, 676 S.W.2d 403, 404 (Tex. Crim. App. 1984) (plea as
conclusive of defendant=s guilt); Perez v. State, 831 S.W.2d 884, 886
(Tex. App.BHouston [14th Dist.] 1992, no pet.) (plea is
sufficient, standing alone, to support conviction).








Second, although the defendant may not have the
absolute right to withdraw his plea in a misdemeanor proceeding, see
Gutierrez v. State, 108 S.W.3d 304, 309 (Tex. Crim. App. 2003) (en banc),
the trial court retains discretion to allow the defendant to withdraw his
plea.  A liberal practice has prevailed
in Texas concerning the withdrawal of a guilty plea.  Jackson v. State, 590 S.W.2d 514, 515
(Tex. Crim. App. 1979); Saldana v. State, 150 S.W.3d 486, 490 (Tex. App.BAustin 2004, no pet.).  When a defendant pleads guilty without a plea
agreement and judgment has been pronounced or the case has been taken under
advisement, the trial court's decision whether to allow a defendant to withdraw
his plea is discretionary.  See Zinn
v. State, 35 S.W.3d 283, 286 (Tex. App.BCorpus Christi 2000, pet. ref'd) (citing Jackson
v. State, 590 S.W.2d 514, 515 (Tex. Crim. App. 1979); Rivera v. State,
952 S.W.2d 34, 35 (Tex. App.BSan Antonio 1997, no pet.); Thompson v. State,
852 S.W.2d 268, 270 (Tex. App.BDallas 1993, no pet.)).  Abuse of that discretion is shown only when
the trial court's ruling lies outside the zone of reasonable disagreement.  Watson v. State, 974 S.W.2d 763, 765
(Tex. App.BSan Antonio 1998, pet. ref'd) (quoting Montgomery
v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g)).

We conclude that the trial court retained discretion
to enter a judgment of acquittal in this matter, and accordingly, the State has
failed to show that the entry of a judgment of conviction was a ministerial
task.  De Leon, 127 S.W.3d at 5. 

                                                                 IV.  Conclusion

The Court, having examined and fully considered the
petition for writ of mandamus, is of the opinion that relator has not shown
itself entitled to the relief sought. 
The petition for writ of mandamus is DENIED.  See Tex.
R. App. P. 52.8(a). 

 

           
                                                                                                    

LINDA REYNA YAÑEZ

Justice

                                                                              

Dissenting
memorandum opinion by 

Justice
Errlinda Castillo

 

Do
not publish.  Tex. R. App. P. 47.2(b).

Memorandum
Opinion delivered and filed this 

the
3rd day of January, 2006.











[1] AThe operator of a vehicle involved
in an accident resulting only in damage to a fixture or landscaping legally on
or adjacent to a highway shall: (1) take reasonable steps to locate and notify
the owner or person in charge of the property of the accident and of the
operator's name and address and the registration number of the vehicle the
operator was driving; (2) if requested and available, show the operator's
driver's license to the owner or person in charge of the property; and (3)
report the accident if required by [ the transportation code] Section
550.061."  Tex. Transp. Code Ann. ' 550.025(a) (Vernon 1999).