In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-07-00577-CR


NO. 09-07-00578-CR


NO. 09-07-00579-CR


____________________



JAMMIE CELESTINE, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause Nos. 99671, 99672, and 99680






 MEMORANDUM OPINION


 Pursuant to plea bargain agreements, Jammie Celestine pled guilty to three charges
of burglary of a habitation. See Tex. Pen. Code Ann. § 30.02(a)(3) (Vernon 2003). 
Celestine appeals from the judgments in all three cases: Trial Cause No. 99671, Trial Cause
No. 99672, and Trial Cause No. 99680. (1) Because they raise related issues, we consider all
three cases in this opinion. We modify the judgments in these causes and affirm them as
modified.

Background



 After Celestine's pleas, the trial court found the evidence sufficient to find him guilty,
but deferred further proceedings, placed Celestine on community supervision for seven years,
and assessed a fine of $500 in each of the three cases. In September 2007, the State filed a
motion to revoke Celestine's unadjudicated community supervision in each case. Celestine
pled "true" to four violations of the conditions of his community supervision. In each case,
the trial court found that Celestine violated the conditions of his community supervision,
found Celestine guilty of burglary of a habitation, and assessed punishment. The judgments
the trial court signed and entered, however, vary from the trial court's oral pronouncements. In No. 99671, which was the first sentence orally pronounced, the trial court did not
order the twenty-year sentence to run consecutive to any other sentence. The judgment,
however, contains a cumulation order providing for the No. 99672 sentence to commence
when the No. 99671 sentence ends. In No. 99672, the trial court orally pronounced a twenty-year sentence to run consecutive to the No. 99671 sentence. The entered judgment, however,
provides for a ten-year sentence and contains no cumulation order. In No. 99680, the trial
court orally pronounced a ten-year sentence that was to run consecutive to the No. 99672
sentence. The entered judgment contains a ten-year sentence, but provides that the sentence
in No. 99672 shall commence when the sentence in No. 99680 ends.

 Celestine's original appellate counsel filed an Anders brief in each case and concluded
that the appeals were frivolous. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18
L.Ed. 2d 493 (1967). Our review of the record, however, revealed arguable error, and we
remanded the cases to the trial court for appointment of new counsel. In briefs filed by his
new appellate counsel, Celestine claims the trial court lacked jurisdiction over the cases,
attacks the sentencing procedures, and contends that any variance between the oral
pronouncement and the written judgment should benefit him.

Jurisdiction


 In issue one of all three cases, Celestine contends that the trial court lacked
jurisdiction because the State's First Amended Motions to Revoke Probation had 
"impossible" filing dates. The "file-stamped" date of each motion was October 32, 2007,
and Celestine correctly notes that October has only 31 days.

 Celestine's entire argument is as follows:

 The trial court chose to proceed on the State's First Amended Motion
to Revoke Probation. The central question is can the court go forward on a
motion that is obviously filed on an impossible date? The answer is no. Is the
Court's jurisdiction invoked by such motion? Again the answer is found in the
negative. 

Celestine's counsel did not object to the incorrect date at the revocation hearing, nor does
Celestine contend that but for his attorney's failure to object, the outcome of the hearing
would have been different. Further, Celestine cites no authorities or record references to
support his jurisdictional argument as required by Rule 38.1(h) of the Texas Rules of
Appellate Procedure. See Bell v. State, 90 S.W.3d 301, 305 (Tex. Crim. App. 2002) ("It is
incumbent upon appellant to cite specific legal authority and to provide legal arguments
based upon that authority.").

 The State acknowledges that all three amended motions contain an erroneous "file-stamp" date and argues that the incorrect date is a clerical error. We agree. "A clerical error
is one which does not result from judicial reasoning or determination." Ex parte Poe, 751
S.W.2d 873, 876 (Tex. Crim. App. 1988) (citation omitted). Other documents in the record
reveal that the erroneous date was a clerical mistake. The pertinent entries on the docket
sheets show that the amended motions were filed on October 23, 2007, and the orders
attached to the amended motions are dated October 23, 2007, and are signed by the presiding
judge. We conclude that the error is clerical and did not deprive the trial court of
jurisdiction. Cf. Thorn v. State, 491 S.W.2d 425, 426 (Tex. Crim. App. 1973) (holding that
order reciting return of indictment as November 29, 1972, in a case tried on May 26, 1972,
contained a non-fatal clerical error when another order and the docket sheet showed the
indictment was received on November 29, 1971). Thus, we overrule issue one in all three
causes. 

Sentencing


 In Celestine's remaining issues in all three cases, he contends that he should serve his
sentences concurrently because of the discrepancies between the oral pronouncements and
the written judgments. The following chart outlines the various discrepancies:


Cause
Nos.
Oral Pronouncement

Judgment

99671
20 years.
20 years. Sentence in 99672 to start
when sentence in 99671 ends. 
99672
20 years, to run consecutive to
99671.
10 years. No cumulation order.
99680
10 years, to run consecutive to
99672.
10 years. Sentence in 99672 to start
when sentence in 99680 ends.




 Generally, when the oral pronouncement of sentence in open court and the written
judgment conflict, the oral pronouncement controls. Thompson v. State, 108 S.W.3d 287,
290 (Tex. Crim. App. 2003); see Taylor v. State, 131 S.W.3d 497, 502 (Tex. Crim. App.
2004) (applying Thompson in a deferred adjudication case). "The solution in those cases in
which the oral pronouncement and the written judgment conflict is to reform the written
judgment to conform to the sentence that was orally pronounced." Thompson, 108 S.W.3d
at 290; see Tex. R. App. P. 43.2(b).

Trial Cause No. 99671


 Next, we resolve the discrepancies between the oral sentencing hearing and the
written judgments in No. 99671. Celestine argues in issue two that the trial court erred in
ordering cumulation when the trial court had pronounced no prior sentence. While the trial
court orally pronounced a twenty-year sentence and did not order this sentence to run
consecutive to any other sentence, the judgment contains a cumulation provision. The State
argues that the cumulation language is surplusage. We agree and reform the written judgment
in this cause to delete the cumulation language. See Tex. R. App. P. 43.2(b); Thompson, 108
S.W.3d at 290.

Trial Cause No. 99672


 In No. 99672, the trial court orally pronounced a twenty-year sentence to run
consecutive to the No. 99671 sentence. The entered judgment, however, provides for a ten-year sentence and contains no cumulation order.

 Celestine advances two arguments aimed at reforming the trial court's judgment in
Cause No. 99672. Issue two contends that in the absence of a written cumulation order,
Celestine's sentence should run concurrently with his sentences in 99671 and 99680. Issue
three argues that he should receive the ten-year sentence contained in the written judgment,
not the twenty-year sentence pronounced by the trial court.

 The State concedes that there is no written cumulation order to reform and states:


 There was no cumulation order entered onto the Adjudication of Guilt. The
Order is completely absent. Therefore, the defendant and the Institutional
Division have no written notice of a cumulated sentence. There is no variance
between the oral pronouncement and a cumulation order and there is thus no
cumulation order to reform.


The State prays that we consider Celestine's issues "in light of there being no written
cumulation order to reform."

 We agree with the State that there is no written order to reform. See Jagaroo v. State,
180 S.W.3d 793, 801-02 (Tex. App.-Houston [14th Dist.] 2005, pet. ref'd); Perez v. State,
831 S.W.2d 884, 887 (Tex. App.-Houston [14th Dist.] 1992, no pet.). In the absence of a
written cumulation order, Celestine's sentence in No. 99672 runs concurrently with his
sentence in No. 99671. See Perez, 831 S.W.2d at 887. 

 In issue three, Celestine argues that because the written sentence is ten years rather
than the twenty years pronounced by the trial court, he should only be required to serve a ten-year sentence for his conviction in Cause No. 99672. Celestine, however, cites no authority
to support his argument as required by the Texas Rules of Appellate procedure. See Tex. R.
App. P. 38.1(h).

 Appellate courts have the authority to modify incorrect judgments when the necessary
data and information to do so are available. See Tex. R. App. P. 43.2(b); Bigley v. State, 865
S.W.2d 26, 27 (Tex. Crim. App. 1993); Asberry v. State, 813 S.W.2d 526, 529 (Tex. App.-
Dallas 1991, pet. ref'd). As the Texas Court of Criminal Appeals explained, even a judgment
of acquittal may be reformed when the defendant was not in fact acquitted. Ex parte George,
913 S.W.2d 523, 526 (Tex. Crim. App. 1995). Generally, the oral pronouncement of a
sentence controls if there are variations between the pronouncement and the written
judgment, which simply memorializes the pronouncement. Coffey v. State, 979 S.W.2d 326,
328 (Tex. Crim. App. 1998). The orally pronounced sentence is the appealable event. Id.
Any subsequent deviation from the orally pronounced sentence, whether a decrease or an
increase, does not supersede what was imposed in open court. Id. at 328-29. Thus, because
the record of this cause provides the information necessary to reform Celestine's sentence,
we reform the judgment's sentencing provision to make it consistent with the trial court's
oral pronouncement. 

 Accordingly, we sustain issue two to the extent that it contends Celestine's sentence
in No. 99672 should run concurrently with the sentence in No. 99671. We overrule issue
three.



Trial Cause No. 99680


 With respect to No. 99680, Celestine also argues that the cumulation order is
erroneous and that he should serve a concurrent rather than a consecutive sentence. The trial
court orally pronounced a ten-year sentence in No. 99680 that was to run consecutive to the
sentence in No. 99672. While the judgment contains a ten-year sentence, it reverses the
cause numbers in the cumulation order and provides that the sentence in No. 99672 shall
commence when the sentence in No. 99680 ends. 

 Based on the trial court's oral pronouncement, we conclude that the trial court made
a clerical error when it stacked No. 99672 onto No. 99680 in its written order. Because we
have the information necessary to modify the cumulation provision, we overrule issue two
and reform the judgment in No. 99680 to provide that its sentence shall run consecutively to
the sentence in No. 99672. See Tex. R. App. P. 43.2(b); Banks v. State, 708 S.W.2d 460,
461-62 (Tex. Crim. App. 1986).

Conclusion


 We sustain issue two in No. 99672 to the extent that it contends Celestine's sentence
in No. 99672 should run concurrently with the sentence in No. 99671. We overrule all of
Celestine's remaining issues in all three causes, Trial Cause Nos. 99671, 99672, and 99680. 
We modify the judgments in the three causes as follows:


 1. In Trial Cause No. 99671, we delete the following language from the

 judgment: 

 Furthermore, the following special findings or orders apply: 
Cumulation Order (Art. 42.01, Sec 1 (19) CCP): The sentence
in Cause No. 99672 shall commence once the sentence in Cause
No. 99671, from the 252nd District Court, Jefferson County,
Texas, in which the defendant was sentenced to 20 years in
prison for the offense of burglary of a habitation, ends and
ceases to operate. 

 2. In Trial Cause No. 99672, under the section entitled "Punishment and Place of
Confinement," we delete the number "10" and insert the number "20" in its
place.

 3. In Trial Cause No. 99680, we delete the following language from the

 judgment :

 The sentence in Cause No. 99672 shall commence once the
sentence in Cause No. 99680, from the 252nd District Court,
Jefferson County, Texas, in which the defendant was sentenced
to 10 years in prison for the offense of burglary of a habitation,
ends and ceases to operate.


 In place of the language deleted from the judgment in Trial Cause No.

 99680, we insert the following: 

 The sentence in Cause No. 99680 shall commence once the
sentence in Cause No. 99672, from the 252nd District Court,
Jefferson County, Texas, in which the defendant was sentenced
to 20 years in prison for the offense of burglary of a habitation,
ends and ceases to operate.


 Accordingly, as modified, we affirm the trial court's judgments in Trial Cause Nos.
99671, 99672, and 99680.

 AFFIRMED AS MODIFIED.



 ____________________________

 HOLLIS HORTON

 Justice




Submitted on December 11, 2008

Opinion Delivered March 4, 2009

Do Not Publish


Before McKeithen, C.J., Gaultney and Horton, JJ.
1. The respective appellate cause numbers for the cases are: 1) No. 09-07-00577-CR,
2) No. 09-07-00578-CR, and 3) No. 09-07-00579-CR.