**Ex parte Sammy Lee DAVIS.**

**No. 48234.**

Court of Criminal Appeals of Texas.

March 13, 1974.

William T. Armstrong, Weldon, for appellant.

Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a habeas corpus hearing held in the 54th District Court. That court denied the relief requested.

Petitioner was assessed a twelve-year sentence for burglary on January 15, 1971. On the same day, the same court assessed the petitioner a three-year sentence for escape. Each sentence was cumulated, or "stacked", with sentences from other courts. Petitioner contends that these cumulation orders were void.

The orders cumulated petitioner's twelve and three-year sentences with sentences totaling fifteen years.[1]

Trial judges are given by statute, the discretion to cumulate sentences. See Art. 42.08, Vernon's Ann.C.C.P. However, this Court has repeatedly and strenuously emphasized that a cumulation order, if it is to be valid, must meet certain requirements as to specificity. See Phillips v. State, 488 S.W.2d 97 (Tex.Cr.App.1972) and cases there cited.

We have stated that a cumulation order should contain: (a) the number of the prior conviction; (b) the correct name of the court in which the conviction was had; (c) the date of the prior conviction; and (d) the term of years assessed in each prior case. We have also observed that it would be desirable to state the offense upon which the prior conviction was had. See Phillips v. State, supra, and Ex Parte March, 423 S.W.2d 916 (Tex.Cr.App.1968) and cases there cited.

These requirements are not absolutes, however, for the reason that we have held that a cumulation order not setting out all of the above details may, in some circumstances, be valid. See Jackson v. State, 449 S.W.2d 242 (Tex.Cr.App.1969); Phillips v. State, supra, and Ex Parte March, supra. For example, we have held that orders reciting two of the above details are sufficient. See the cases cited in Ex Parte March, supra. Further, we have held that an order referring only to the previous con-

1. The order regarding the twelve-year burglary sentence stated:
". . . this Sentence shall commence and begin to run when sentences in cause numbers as follows have been completed. Cause # 12,722 Kaufman County, Tex. Dallas County Texas Cause # C–69–6998–J, C–69–6551–JK, C–70–1949–K, and C–70–949–K . . ."
The order of the three-year sentence for escape states:

". . . this sentence shall commence and begin to run when sentences in cause numbers as follows have been completed. Cause # 12,722 Kaufman County, Texas, Dallas County, Texas Cause # C–69–6998–JK, C–69–6551–JK, C–70–1949–K, C–70–949–K, McLennan County, Texas, Cause # 16,680 . . ."
The Kaufman and Dallas County sentences were concurrent, the longest being a fifteen-year sentence assessed in Dallas.

viction's cause number is sufficient when the court entering the order is the court which heard the prior cause. See Ex Parte Lewis, 414 S.W.2d 682 (Tex.Cr.App.1967).

 However, in the instant case, the cumulation orders recite, at the most, only one detail—the numbers of the prior convictions. The correct names of the convicting courts, the offenses upon which conviction was had, the dates of sentence, and the terms of years assessed are not stated. This is not sufficient. See Ex Parte McCullough, 416 S.W.2d 420 (Tex. Cr.App.1967).

The cumulation order entered in cause #16,680 (twelve-year sentence for burglary) is void.

 The cumulation order entered in connection with the three-year sentence for escape is also insufficient insofar as it attempts to cumulate the prior Dallas and Kaufman County convictions. However, it also cumulates the twelve-year burglary sentence assessed by the same court. This is acceptable. See Jackson v. State, supra. Thus, the cumulation of the twelve-year sentence for burglary with the three-year sentence for escape is valid.

It is therefore the order of this Court that the writ shall issue for the purpose of correcting the judgments issued by the 54th District Court of McLennan County on January 15, 1971, as follows:

(A) The sentence assessed in Cause Number 16,680 (burglary, twelve years) shall commence as of January 15, 1971. The attempt to cumulate other sentences from Dallas County and Kaufman County is without effect.

(B) The sentence assessed in Cause Number 16,921 (escape, three years) is invalid to the extent that it attempt to cumulate sentences from Dallas County and Kaufman County. The McLennan County sentence is properly cumulated. Therefore, the sentence in Cause Number 16,921 shall commence upon the completion of the sentence in Cause Number 16,680 (burglary, twelve years), assessed by the 54th District Court of McLennan County, Texas on January 15, 1971).

It is so ordered.