Johnny L. STOKES, Appellant,

v.

The STATE of Texas, Appellee.

No. 12–82–0119–CR.

Court of Appeals of Texas,
Tyler.

Feb. 16, 1984.

Mark Strachan, Longview, for appellant.

Rodney S. Scott, Asst. Dist. Atty., Longview, for appellee.

McKAY, Justice.

Appellant was convicted of the felony offense of unauthorized use of a motor vehicle upon a plea of not guilty. The case was tried before a jury which assessed punishment at ten years confinement and a fine of $3,000.00.

The evidence reveals that on February 16, 1982, at approximately 10:00 p.m., Johnny Stokes, appellant, was seen stealing a vehicle in Longview, Texas. About an hour and a half later, appellant was arrested in Marshall, Texas, for driving while intoxicated while he was in the stolen vehicle. At the time of the arrest for driving

while intoxicated, the police were not aware that the vehicle was stolen. When appellant was arrested the vehicle was taken to the police station and kept there until appellant was released from jail on March 9, 1982. On the same day that appellant was released from jail for driving while intoxicated, appellant was arrested for stealing gasoline from a convenience store. When appellant was arrested for theft of gasoline, the police determined that appellant was driving a stolen vehicle. Appellant was later indicted for the unauthorized use of a motor vehicle as of February 16, 1982, the date of his arrest for driving while intoxicated.

Appellant raises five grounds of error. The first three grounds of error contend that the trial court erred in admitting into evidence and instructing the jury to consider for the purpose of determining guilt and punishment, the testimony of the extraneous offenses of the driving while intoxicated arrest and arrest for theft of gasoline.

■ It is well settled that all of the facts and circumstances surrounding the commission of the offense on the occasion in question are admissible before the jury on the question of guilt and may be considered in determining the punishment to be assessed. The State is also entitled to prove the circumstances surrounding the arrest. *Williams v. State*, 535 S.W.2d 637, 639 (Tex.Cr.App.1976).

■ Evidence of extraneous offenses committed by the accused is admissible to show the context in which the criminal act occurred. The reasoning is that "events do not occur in a vacuum and that the jury has a right to hear what occurred immediately prior to and subsequent to the commission of that act so that they may realistically evaluate the evidence." *Albrecht v. State*, 486 S.W.2d 97, 100 (Tex.Cr.App.1972). In addition, the admissibility of the evidence lies within the sound discretion of the trial court and will not be reversed on appeal unless a clear abuse of discretion is shown. *Hernandez v. State*, 484 S.W.2d 754, 755 (Tex.Cr.App.1972).

In the instant case the arrest for driving while intoxicated occurred immediately subsequent to the commission of the offense. The evidence of appellant's arrest for driving while intoxicated proved that appellant was in possession of the vehicle on February 16, 1982, the date which appellant was indicted for unauthorized use of a motor vehicle. The arrest for theft of gasoline was a circumstance surrounding appellant's arrest for unauthorized use of a motor vehicle.

■ In addition, evidence of the commission of other offenses by the accused may be admissible to establish identity, if identity is a controverted issue and if there are distinguishing characteristics common to both the extraneous offense and the offense for which defendant is on trial. *Cameron v. State*, 530 S.W.2d 841, 844 (Tex.Cr.App.1975).

Appellant did not testify at the trial and did not offer any evidence. The record reflects that the State had only one eyewitness, Clayton Langston, who testified that he saw appellant take the vehicle in question. Appellant's counsel cross examined the State's eyewitness regarding the witness' ability to identify appellant. Appellant's counsel cross examined the witness concerning discrepancies in the witness' description of appellant and appellant's actual appearance. A review of the final argument made by appellant's counsel reveals a defensive strategy to raise the issue of the identity of appellant as the person who stole the vehicle. Appellant's counsel's final argument contained the following:

... You've got to ask yourself, could you, having seen somebody at a glance three months ago, come in and look at a man and know that the guy on the end of the table is the Defendant. Would you say that's the Defendant, 'that's the man I saw'? Certainly, he wants to help the police. He wants to tell the truth as he remembers it, but Ladies and Gentlemen, is that credible? Can you really be sure that that was Mr. Stokes he saw? I suggest three months ago at a passing

glance, he couldn't be sure. If we took five or six people who were similar to Mr. Stokes, who were black males, approximate age range and so forth, he couldn't pick out which one was Mr. Stokes. It was obvious from the people we have at the table that that had to be the guy he was supposed to point to. You remember in the police report, the day after he saw the man, he said the guy was about five nine. Mr. Stokes is six two. He said the guy weighed about a hundred and fifty pounds. Mr. Stokes probably weighs a hundred and eighty pounds, a hundred and ninety pounds. That is not the guy. Mr. Stokes is not the man he described, by his own testimony, to the police. As I say, I believe Mr. Langston is trying to tell the truth. I certainly don't believe he'd tell you— try to tell you stories, but I really wonder whether he could be sure and you should believe him when he said that was the man he saw. I think there is a reasonable doubt, the evidence shows there's a reasonable doubt whether or not Mr. Stokes was the man he saw.....

■ We hold that the cross examination of the only eyewitness with regard to identity raised the issue of identity. *Todd v. State*, 598 S.W.2d 286, 291 (Tex.Cr.App. 1980). The jury was instructed to consider the other offenses only in determining the intent, identity and knowledge of defendant, if any.

Since identity was in issue the only remaining question is whether there were distinguishing characteristics common to both the extraneous offenses and the offense for which appellant was tried.

In *Ford v. State*, 484 S.W.2d 727, 729 (Tex.Cr.App.1972), the court stated that the common distinguishing characteristic may be the proximity in time and place of the extraneous offense to the offense for which the accused is being tried.

In the instant case the proximity in time between the driving while intoxicated arrest and the commission of the offense of unauthorized use of a motor vehicle was approximately one hour. The arrest for theft of gasoline occurred almost simultaneously with the arrest for unauthorized use of a motor vehicle.

We hold that there was no clear abuse of the trial court's discretion in admitting the evidence of the other offenses and instructing the jury to consider the offenses for the purpose of intent, identity and knowledge. Appellant's first three grounds of error are overruled.

■ Appellant's fourth ground of error asserts that the trial court erred in allowing the jury to consider the testimony of former prosecutors regarding prior convictions of appellant.

Appellant did not object to the testimony of the prosecutors at the time of trial; therefore, nothing is preserved for review. *Smith v. State*, 595 S.W.2d 120 (Tex.Cr. App.1980). Appellant's fourth ground of error is overruled.

■ Appellant's fifth ground of error contends that the trial court erred in its attempt to cumulate appellant's sentence.

The court's sentence contained the following order:

It is further ADJUDGED and DE-CREED by this Court that the sentence pronounced herein shall begin this date. Said Sentence to be served after serving the sentence in Cause No. 11,720–A Styled The State of Texas Vs. Johnny Stokes in the 188th Judicial District Court.

It appears on the face of the cumulation order that the order is contradictory and ambiguous. The order states that the sentence "shall begin this date" and the sentence is "to be served after serving the sentence in Cause No. 11,720–A..." It would be impossible for the sentence to begin on the date it was pronounced and to also begin after serving the sentence in Cause No. 11,720–A.

A cumulation order must meet certain requirements as to specificity. *Ex Parte Davis*, 506 S.W.2d 882, 883 (Tex.Cr.App. 1974). The reason for the requirement of specificity is to enable the prison authorities to know how long to detain the prisoner.

In *Ex Parte Lewis*, 414 S.W.2d 682, 683 (Tex.Cr.App.1967), it was stated by the Court:

A sentence is a final judgment and should be sufficient on its face to effect its purpose without resort to evidence in aid thereof. It should further convey to the authorities at the Texas Department of Corrections or any County jail clear and unequivocal orders of the trial court so that they may know definitely how long to detain the convict or prisoner.

We hold that the cumulation order is void because it is insufficient on its face to convey clear and unequivocal orders to the prison authorities. It is ordered that the sentence imposed on May 26, 1982, by the 188th District Court of Gregg County in Cause No. 13,284–A is reformed to run concurrently with the sentence imposed on March 8, 1979, by the 188th District Court of Gregg County in Cause No. 11,720–A, in which Johnny L. Stokes was convicted of the felony offense of theft over two hundred dollars and less than ten thousand dollars, and he was sentenced to seven years confinement.

The judgment of the trial court, as reformed, is affirmed.