Joseph Donald SMITH, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–99–00166–CR.

Court of Appeals of Texas,
Texarkana.

Submitted May 31, 2000.

Decided June 1, 2000.

Ebb Mobley, Longview, for appellant.

Tim Cone, Upshur County Dist. Atty., Gilmer, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

# OPINION

Opinion by Chief Justice CORNELIUS.

Joseph Donald Smith was convicted of driving while intoxicated, subsequent offense. His punishment, enhanced by prior felony convictions, was set by the jury at twenty years' imprisonment and a $10,000.00 fine. On appeal Smith contends that the State improperly amended the indictment and that the trial court improperly ordered that his sentence run consecutively to his sentence in another cause. We overrule these contentions and affirm the judgment.

The original indictment was returned on December 11, 1998. On June 28, 1999, the State moved to amend the indictment to allege additional enhancement paragraphs. The court, by written order dated June 29, 1999, granted the motion to amend. The indictment was actually amended by written interlineations on July 1, 1999, as shown by the clerk's file stamp on the interlined indictment. The trial did not begin until September 14, 1999. Smith did not object to the motion or the order to amend the indictment, or to the actual amendment.

Article 28.10 of the Texas Code of Criminal Procedure outlines the circumstances in which indictments may be amended:

(a) After notice to the defendant, a matter of form or substance in an indictment or information may be amended at any time before the date the trial on the merits commences. On the request of the defendant, the court shall allow the defendant not less than 10 days, or a shorter period if requested by the defendant, to respond to the amended indictment or information.

(b) A matter of form or substance in an indictment or information may also be amended after the trial on the merits commences if the defendant does not object.

(c) An indictment or information may not be amended over the defendant's objection as to form or substance if the amended indictment or information charges the defendant with an additional or different offense or if the substantial rights of the defendant are prejudiced. Tex.Code Crim. Proc. Ann. art. 28.10 (Vernon 1989). Smith contends that the indictment was improperly amended because he had no notice of it and because he was denied a grand jury review of the proposed amendment. We disagree.

■ The motion to amend the indictment was filed on June 28, 1999, and the court granted the motion on June 29, 1999. Both dates, as well as the date the indictment was actually amended by interlineation, were well in advance of the trial's commencement. The copy of the motion to amend that is contained in the record has a certificate of service showing that a copy was served on Smith's counsel, but the certificate is not signed. It is clear, however, that Smith had notice of the order to amend the indictment because, on September 1, 1999, Smith's counsel filed a motion to quash the indictment, and in the motion he referred to the amended indictment. Although Smith had notice of the amendment, he never objected to the amendment, either when the court ordered it or at any time thereafter. Consequently, the amendment was proper under either Article 28.10(a) or 28.10(b).

■ Smith's contention that his constitutional rights were violated because the grand jury did not review the amendment is without merit. Article 28.10 is the implementing legislation of the amendment to Tex. Const. art. V, § 12, relating to defects in charging instruments. The constitutional amendment gave the Legislature the right to determine the contents, amendment, sufficiency, and requisites of indictments. Thus, the requisites of indictments now stem from statutory law alone. See Flowers v. State, 815 S.W.2d 724, 728 (Tex.Crim.App.1991); Studer v. State, 799 S.W.2d 263 (Tex.Crim.App. 1990).

■ Smith also contends the trial court improperly ordered his sentence to

run consecutively to a prior sentence. We overrule this contention. The colloquy that occurred with respect to this issue is as follows:

[THE COURT:] Anything further to come before the Court at this time?

MR. CONE: Your, Honor, there is one other matter. He was assessed an eight years in the penitentiary sentence in Cause No. 12,108. The State would respectfully request that the sentence assessed in this cause be run consecutively with that cause number.

MR. DAVIS: Obviously, Judge, we'd argue that it should run concurrently.

THE COURT: In view of the Defendant's past record, it is the opinion of the Court that this sentence should run consecutively, and it is so ordered. What's that cause number?

MR. CONE: 12,108.

THE COURT: In what court?

MR. CONE: This court.

THE COURT: Anything further?

MR. CONE: No, Your Honor.

MR. DAVIS: No, Your Honor.

THE COURT: Court's adjourned.

The court ordered:

IT IS THE ORDER OF THE COURT that the same Defendant who has been adjudged to be Guilty of Driving While Intoxicated–Subsequent Offense, as charged in the Indictment and found by the Jury, and whose punishment has been assessed by the Jury at confinement in the Institutional Division of the Texas Department of Criminal Justice for twenty (20) years be delivered by the Sheriff of Upshur County, Texas, Immediately, to the Director of the Institutional Division of the Texas Department of Criminal Justice or other person legally authorized to receive such convicts, and said Defendant shall be confined in said Institutional Division–TDCJ for twenty (20) [years] to run consecutively with Cause No. 12,108 wherein he received eight (8) years in accordance with the provisions of the law governing the Institutional Division of the Texas Department of Criminal Justice of said State, and the said Defendant is remanded to jail until said Sheriff can obey the direction of this sentence.

A cumulation order is sufficient if it refers only to the previous cause number if the prior cause was in the same court that is ordering the cumulation. Although such form is not recommended, the rule of certainty as to the beginning and ending of each sentence is not so strict when the sentences sought to be cumulated are from the same court. *See Ex parte Davis,* 506 S.W.2d 882, 883 (Tex.Crim.App.1974); *Ex parte March,* 423 S.W.2d 916, 919 (Tex. Crim.App.1968); *Ex parte Lewis,* 414 S.W.2d 682, 683 (Tex.Crim.App.1967).

We disagree with Smith's assertion that he was not sufficiently identified as the person convicted in Cause No. 12,108 in the same court. Smith did not object to the inadequacy of identification. Moreover, when State's counsel moved that the sentence run consecutively to the sentence in Cause No. 12,108, Smith's counsel told the court, "Judge, we'd argue that it should run concurrently."

For the reasons stated, we affirm the judgment of the trial court.