11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

David
Anthony Holder

Appellant

Vs.      
            No. 11-01-00363-CR
B 
Appeal from Collin County

State of Texas

Appellee

 

The trial
court entered a judgment adjudicating appellant guilty of the offense of
aggravated assault (the aggravated assault offense) and assessed punishment at
ten years confinement in the Institutional Division of the Texas Department of
Criminal Justice.  In its judgment, the
trial court ordered that the 10 year sentence run consecutively with a 15 year
sentence that appellant received for aggravated sexual assault of a child (the
aggravated sexual assault offense) in another cause number.[1]  We modify and affirm.

                                                                Background
Facts

In 1999,
the trial court placed appellant on deferred adjudication community supervision
in this cause for a period of ten years. 
The grand jury later indicted appellant with the aggravated sexual
assault offense.  The State, based upon
allegations independent of the aggravated sexual assault offense, filed a
petition to enter a final adjudication of defendant=s guilt in this cause.  The State later amended the petition to
include allegations of the aggravated sexual assault offense.  After the jury returned its verdict finding
appellant guilty of the aggravated sexual assault offense, the trial court
found appellant guilty of aggravated assault in this cause.  The trial court also revoked appellant=s community supervision for a deadly conduct
offense (the deadly conduct offense) in another cause.  








The trial
court pronounced the following sentences in open court:  (1) 2 years confinement for the deadly conduct
offense, with the sentence to run concurrently with the 10 year sentence for
the aggravated assault offense; (2) 10 years confinement for the aggravated
assault offense, with the sentence to run concurrently with the sentence for
the deadly conduct offense; and (3) 15 years confinement for the aggravated
sexual assault offense, with the sentence to run consecutively with the
sentences for the other offenses.  

The trial
court entered judgments, dated August 29, 2001, in the three cause
numbers.  In its judgment in this cause,
the trial court sentenced appellant to 10 years confinement and ordered the
sentence to run concurrently with the 2 year sentence for the deadly conduct
offense and consecutively with the 15 year sentence for the aggravated sexual
assault offense.  In its judgment in the
aggravated sexual assault offense cause, the trial court sentenced appellant to
15 years confinement and ordered the sentence to run consecutively with the 10
year sentence in this cause. 

Issue
Presented

In his
sole point of error, appellant complains that the trial court=s cumulation order is error because it is
insufficient.  Therefore, according to
appellant, the cumulation order is void, and his sentence for the aggravated
assault offense should run concurrently, instead of consecutively, with
his  sentence for the aggravated sexual
assault offense. 

                                                             The
Cumulation Order








Appellant
argues that the cumulation order in the judgment fails to comply with the
requirements for a valid cumulation order. 
We disagree.  The Court of
Criminal Appeals has recommended that a cumulation order should contain the
following: (1) the trial court number of the prior conviction; (2) the correct
name of the court in which the prior conviction was entered; (3) the date of
the prior conviction; (4) the term of years of the prior conviction; and (5)
the nature of the prior conviction. 
Young v. State, 579 S.W.2d 10 (Tex.Cr.App.1979); Ex parte Davis, 506
S.W.2d 882, 883 (Tex.Cr.App.1974). 
These suggestions are not mandatory. 
See Williams v. State, 675 S.W.2d 754, 764 (Tex.Cr.App.1984).  The issue is whether the trial court=s description of the prior convictions in the
cumulation order is Asubstantially
and sufficiently specific@ to give notice to the defendant and to the Department of Corrections Aexactly which sentences the instant sentence
is cumulated with.@  Williams v. State, supra at 764.  A[A] cumulation order which refers only to a prior cause number is
sufficient if the order is entered in the same court as the sentence to which
it is made cumulative.@  Williams v. State, supra at 764; see also Ex
parte San Migel, 973 S.W.2d 310, 333 (Tex.Cr.App.1998); Hamm v. State, 513
S.W.2d 85, 87 (Tex.Cr.App.1974);  Ex
parte Davis, supra at 883; Hoitt v. State, 30 S.W.3d 670, 675 (Tex.App. -
Texarkana 2000), pet=n ref=d,
improvidently granted, 65
S.W.3d 59 (Tex.Cr.App.2001).

 In this cause, the trial court=s judgment states as follows: ACONCURRENT UNLESS OTHERWISE SPECIFIED:
SENTENCE TO RUN CONCURRENTLY WITH TWO YEAR SENTENCE IN CAUSE NO. 366-80518-99
[the deadly conduct offense] AND CONSECUTIVELY WITH FIFTEEN YEAR SENTENCE IN
CAUSE NO. 366-80091-01 [the aggravated sexual assault offense].@ The trial court that entered the cumulation
order in this cause is the same court that entered the sentence for the
aggravated sexual assault offense.  The
trial court=s cumulation order in this cause refers to
the aggravated sexual assault cause number. 
Therefore, the cumulation order is valid under the above
authorities.  We overrule appellant=s sole point of error.[2]








However,
we agree with the State that the cumulation language in the trial court=s judgment in this cause is not necessary,
and the judgment should be modified to avoid possible confusion.  The trial court=s pronouncements of the sentences in open
court  establish that the trial court
intended the 15 year sentence for the aggravated sexual assault offense to
follow the 10 year sentence in this cause. 
Additionally, in its judgment in the aggravated sexual assault offense,
the trial court provided that the 15 year sentence for the aggravated sexual
assault offense is to begin when the 10 year sentence for the aggravated
assault offense has ceased to operate. 
However, the cumulation language in the judgment in this cause might
suggest that the 10 year sentence in this cause is to follow the 15 year
sentence for the aggravated sexual assault offense.  Because the 10 year sentence in this cause is the first sentence
to be served, no cumulation order is required in the judgment in this
cause.  For the sentences to run
consecutively, it is only necessary that the judgment in the aggravated sexual
assault offense contain a valid cumulation order, which it does.  The judgment in this cause should be
clarified.     

                                                                This
Court=s Ruling

We modify
the trial court=s judgment in this cause by deleting the
following language on Page 1 of the judgment: ASENTENCE TO RUN CONCURRENTLY WITH TWO YEAR SENTENCE IN CAUSE NO.
366-80518-99 AND CONSECUTIVELY WITH FIFTEEN YEAR SENTENCE IN CAUSE NO.
366-80091-01.@  The
language should be replaced with the following sentence:  AThe sentence in Cause No. 366-80091-01 shall begin when the sentence in
this cause has ceased to operate.@ We affirm the judgment as modified.           

 

PER
CURIAM

 

October 10, 2002

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.











     [1]Appellant appeals from his conviction of the aggravated
sexual assault offense in Cause No. 11-01-00364-CR.  The trial court cause number for the aggravated sexual assault
offense was 366-80091-01 in the 366th District Court of Collin County.  Appellant also appeals from his conviction
of an offense of deadly conduct in Cause No. 11-01-00362-CR.  The trial court cause number for the deadly
conduct offense was 366-80518-99 in the 366th District Court of Collin County.  We address the issues raised by appellant in
those appeals in separate opinions.  





     [2]In his appeal from the judgment in the aggravated
sexual assault offense, appellant complains that the trial court=s cumulation order 
is insufficient.  In a separate
opinion, we have found that the cumulation order in that cause is valid.  In its judgment in that cause, the trial
court included all five of the Court of Criminal Appeals= recommendations for a cumulation order.