Brent David **DERRICK**, Appellant

v.

The **STATE** of Texas, Appellee.

No. 07–06–0012–CR.

Court of Appeals of Texas, Amarillo.

June 8, 2006.

---

Jerry D. McLaughlin, The Law Office of Jerry D. McLaughlin, Amarillo, for appellant.

James A. Farren, for State of Texas.

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

### Opinion

BRIAN QUINN, Chief Justice.

Brent David Derrick appeals from his conviction for aggravated robbery. Through his sole issue, he objects to the trial court's decision to stack his 45–year sentence upon two others levied by courts in Colorado. One of the two was an eight-year sentence levied by the United States District Court for Colorado in cause number 03–CR–261–N (federal case), while the other was a 36–year sentence assessed by the district court of Montezuma County, Colorado, in cause number D0422003CR000131 (state case). Specifically, appellant asserts that the State failed to prove that he was the person convicted in the federal case. This allegedly prohibited the trial court from stacking the Texas sentence to either Colorado sentence. We overrule the issue and affirm.

■ A trial court has the discretion to cumulate or stack sentences. TEX.CODE CRIM. PROC. ANN. art. 42.08(a) (Vernon Supp.2005); *Stokes v. State*, 688 S.W.2d 539, 540 (Tex.Crim.App.1985). Before it can do so, however, there must be evidence, at the time of sentencing, establishing both the former conviction and the defendant's identity as the person previously convicted. *Barela v. State*, 180 S.W.3d 145, 147–48 (Tex.Crim.App.2005). Moreover, there are a variety of ways through which both may be established. *Montgomery v. State*, 876 S.W.2d 414, 416 (Tex.App.-Austin 1994, pet. ref'd). They include such things as live direct testimony, admissions, and uncontested utterances by the State. *Mungaray v. State*, 188 S.W.3d 178, 183 (Tex.Crim.App.2006).

■ Appearing of record here is testimony from a Colorado State Trooper and an investigator for the Colorado Bureau of Investigation. Between the two witnesses, the trial court was told that appellant was charged with and pled guilty to two particular federal crimes in Colorado and that, as a result of his pleas, he received a sentence totaling eight years in federal prison. Much of this testimony was actually solicited by appellant while examining those witnesses. Furthermore, during a conference in open court prior to formal sentencing, the trial court, prosecutor, and defense counsel discussed whether the Texas sentence should run consecutively to the Colorado federal sentences. At that

time, no one, including appellant, questioned whether appellant was the subject of those convictions and sentences. Instead, appellant asked that they be ordered to run concurrently with his Texas sentence. Furthermore, the trial court was handed the case number, style, and sentence involved in the Colorado federal prosecutions. Then, it read that specific information into the reporter's record when pronouncing sentence, again without objection by anyone. Given the oral testimony to which we alluded, appellant's own request that the sentences run concurrently, the lack of any complaint about appellant's identity as the pertinent defendant, and the information handed to the trial court, we hold that the record contains some evidence sufficiently identifying appellant as the defendant in the federal convictions. *See Mungaray v. State, supra* (using the " 'some evidence' " test in assessing whether the prior convictions were sufficiently linked to the defendant); *see Smith v. State,* 20 S.W.3d 827, 829 (Tex.App.-Texarkana 2000, pet. dism'd) (disagreeing that the defendant was not sufficiently identified when the defendant did not object to the adequacy of the identification at trial and merely stated that the sentence should run concurrently). And, because such evidence exists, the trial court was within its discretion to order that appellant's Texas sentence be stacked upon his state and federal sentences emanating from Colorado.

Accordingly, the judgment of the trial court is affirmed.