# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00753-CR

**Johnny Angel Ybarra, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT
### NO. 40271, HONORABLE GUILFORD L. JONES III, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Johnny Angel Ybarra of the offense of escape. *See* Tex. Penal Code § 38.06. Punishment was assessed at life imprisonment, and the district court ordered that the sentence be served consecutively following three previously assessed life sentences that Ybarra had received for prior convictions. In a single issue on appeal, Ybarra asserts that the district court's order cumulating his sentences is void. We will affirm the district court's judgment.

## BACKGROUND

The jury heard evidence tending to show that, on or about March 1, 2012, Ybarra had escaped from the Burnet County Jail while awaiting transport to prison. Ybarra was apprehended later that same day and was subsequently indicted for, tried, and found guilty of the offense of escape. At the punishment hearing, Ybarra pleaded true to two enhancement paragraphs in the indictment alleging that Ybarra had previously been convicted of the felony offenses of sexual assault and kidnapping, elevating Ybarra's punishment status to that of a habitual offender. *See id.*

§ 12.42. Additionally, Ybarra stipulated at the punishment hearing that he was the same person who was named in a judgment of conviction for the felony offense of burglary of a habitation with intent to commit sexual assault, and another judgment of conviction for the felony offense of assault family violence. Earlier, at the beginning of trial, Ybarra had also stipulated that he was the same person who was named in another judgment of conviction for the felony offense of burglary of a habitation with intent to commit sexual assault. In all three convictions to which Ybarra had stipulated, he had received life sentences.

The State filed a motion to cumulate the sentence assessed against Ybarra in the escape case with the sentences that had been assessed against Ybarra in the three prior cases to which Ybarra had stipulated. Following argument, the district court stated the following on the record:

> The Court can come to no conclusion but that you are not capable at this time in the community, or any time soon, of being rehabilitated. . . . It's clear that imprisonment so far has been a deterrent to you, but it is possible that in addition to protecting the public, a sentence at this time should also serve as a deterrent hopefully to at least one other person who might be headed the direction that you have headed. Frankly this Court is not at all convinced that sentences deter other people very much, but the theory is it does sometimes and I'm hoping that it will. That demands a message to be sent to other criminals and other wannabe criminals, and that demands a strong and consecutive sentence. I therefore sentence you to confinement in the Texas Department of Criminal Justice institutional Division for life and the sentences will be stacked.

The district court subsequently entered a written order cumulating Ybarra's sentences and identifying the specific sentences that were being cumulated. This appeal followed.

**ANALYSIS**

In his sole issue on appeal, Ybarra asserts that the district court failed to orally pronounce the judgment and sentence in each cause that was being cumulated, as required by statute.

2

*See* Tex. Code Crim. Proc. art. 42.08(a) ("When the same defendant has been convicted in two or more cases, judgment and sentence shall be pronounced in each case in the same manner as if there had been but one conviction."). Therefore, according to Ybarra, the cumulation order is void, despite the fact that the written order specifically identifies the sentences that are being cumulated. *See Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998) (holding that "when there is a variation between the oral pronouncement of sentence and the written memorialization of the sentence, the oral pronouncement controls"); *Ex parte Vasquez*, 712 S.W.2d 754, 755 (Tex. Crim. App. 1986) (holding that entering written cumulation order which had not been orally pronounced to defendant at sentencing hearing rendered judgment "void").

Trial courts are given, by statute, discretion to cumulate a defendant's sentences. *See Ex parte Davis*, 506 S.W.2d 882, 883 (Tex. Crim. App. 1974) (citing Tex. Code Crim. Proc. art. 42.08). However, when choosing to exercise that discretion, trial courts must ensure that their cumulation orders are sufficiently specific. *Stokes v. State*, 688 S.W.2d 539, 540 (Tex. Crim. App. 1985). In order to satisfy the specificity requirement, the Texas Court of Criminal Appeals has "recommended" that a cumulation order contain the following elements: (1) the trial court cause number of the prior conviction; (2) the correct name of the court where the prior conviction was taken; (3) the date of the prior conviction; (4) the term of years of the prior conviction; and (5) the nature of the prior conviction. *Ward v. State*, 523 S.W.2d 681, 682 (Tex. Crim. App. 1975). These recommendations are not mandatory, however, and cumulation orders that do not contain all of the recommended elements have been upheld on appeal. *See, e.g.*, *Williams v. State*, 675 S.W.2d 754, 764 (Tex. Crim. App. 1984); *Ward*, 523 S.W.2d at 682-83; *Davis*, 506 S.W.2d at 884; *Phillips v. State*, 488 S.W.2d 97, 100 (Tex. Crim. App. 1972). The rule is that "a cumulation order will be

3

upheld so long as the trial court's description of prior convictions is 'substantially and sufficiently specific' to give notice both to the defendant and to the Department of Corrections exactly which sentences the instant sentence is cumulated with." *Williams*, 675 S.W.2d at 764 (quoting *Ex parte Lewis*, 414 S.W.2d 682, 683 (Tex. Crim. App. 1967)).

In this case, the district court's written cumulation order contained the trial court cause numbers of the prior convictions (trial court cause numbers 39598, 39599, and 39600), the correct name of the court where the prior convictions were taken (the 33rd District Court of Burnet County, Texas), the date of the prior convictions (February 14, 2012), the term of years of the prior convictions (life), and the nature of the prior convictions (two convictions for the offense of burglary of a habitation with intent to commit sexual assault and one conviction for assault family violence). Thus, the written cumulation order contained all five of the recommended elements of specificity, and we conclude that the order was "'substantially and sufficiently specific' to give notice both to the defendant and to the Department of Corrections exactly which sentences the instant sentence is cumulated with." *Id*.

Ybarra nevertheless asserts that the cumulation order is void because these specific elements were not orally pronounced during sentencing, thus creating what Ybarra characterizes as a "variance" between the oral pronouncement of sentence and the written cumulation order. We disagree with this characterization. It is true that when there is a variation, i.e., a conflict, between the oral pronouncement of sentence and the written memorialization of that sentence, the oral pronouncement controls. *Coffey*, 979 S.W.2d at 328; *see also Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004). Here, however, there is no conflict between the oral pronouncement of sentence and the written cumulation order. Both the oral pronouncement of sentence and the

4

written cumulation order specify that Ybarra's sentence for the escape conviction is to be served consecutively following his other sentences. *Cf. Ex parte Madden*, 70 S.W.3d 131, 136-37 (Tex. Crim. App. 2002) (finding written cumulation order conflicted with oral pronouncement which specified that sentences would be served concurrently). The written order in this case merely contains specific information about those other sentences that was not included in the oral pronouncement. And, based on our review of the record before us, it is clear that this specific information was already known to Ybarra at the time his sentence was orally pronounced. The cause numbers and date of the other convictions were contained in the State's motion to cumulate, a copy of which was provided to Ybarra; copies of the judgments of conviction that formed the basis for the cumulation order were admitted into evidence during trial; and Ybarra stipulated during trial that he was the same person named in those judgments of conviction, all three of which were dated less than a year prior to Ybarra's escape conviction. Nor is there any indication in the record that Ybarra was confused during the punishment hearing as to which sentences the district court was referring to in its oral pronouncement. Thus, in this case, "the context of the oral pronouncement makes clear that all understood the pronouncement to be what was ultimately incorporated into the written order." *Hill v. State*, 213 S.W.3d 533, 536-37 (Tex. App.—Texarkana 2007, no pet.); *see Aguilar v. State*, 202 S.W.3d 840, 843 (Tex. App.—Waco 2006, pet. ref'd) (finding that trial court's omission, during its oral pronouncement of sentence, of express reference to count of indictment that formed basis for court's cumulation order rendered pronouncement ambiguous but did not "create a conflict sufficient to invoke the rule of *Coffey* and its progeny").[1] We overrule Ybarra's sole issue.

---

[1] *See also Morris v. State*, Nos. 07-12-00408-CR, 07-12-00409-CR, & 07-12-00410-CR, 2013 Tex. App. LEXIS 4782, at *3 (Tex. App.—Amarillo Apr. 16, 2013, pet. ref'd) (mem. op., not designated for publication) (stating that "the context of the court's utterances should be

**CONCLUSION**

We affirm the judgment of the district court.

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton and Rose

Affirmed

Filed: July 24, 2013

Do Not Publish

---

considered" in determining meaning of court's pronouncement and that "[i]f there is ambiguity in the pronouncement of sentence, the verdict, oral pronouncement, and written judgment should be read together to resolve the ambiguity"); *Smith v. State*, Nos. 05-10-00988-CR & 05-10-00989-CR, 2012 Tex. App. LEXIS 1254, at *13-15 (Tex. App.—Dallas Feb. 16, 2012, no pet.) (not designated for publication) (concluding that there was no fatal variance between oral pronouncement of sentence and written cumulation order where, "considering the entire hearing," it was "clear that all parties understood" the sentence to which trial court was referring in its oral pronouncement, despite trial court not specifically identifying sentence); *Harris v. State*, No. 01-08-00261-CR, 2009 Tex. App. LEXIS 9586, at *42 (Tex. App.—Houston [1st Dist.] Dec. 17, 2009, pet. ref'd) (mem. op., not designated for publication) (concluding that "the context of the entire proceeding before the trial court made clear the identity of the prior sentence onto which the court stacked the new sentence").