

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-15-00081-CR

BOBBY JOE EVENS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 196th District Court
Hunt County, Texas
Trial Court No. 27,364

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

As part of a drug trafficking investigation, officers of the Greenville Police Department watched suspiciously as Bobby Joe Evens and his then girlfriend, Misty Brigham, loaded various items from a local hotel room into a blue Ford pickup truck and a black, four-door Nissan Maxima. After Evens drove the truck from the motel parking lot, followed by Brigham in the Nissan, Evens was pulled over into a nearby parking lot, and Brigham followed. Though a drug-dog alerted on the front door handles of the truck, no drugs were found in the truck. Brigham, however, admitted that cigars in her car contained marihuana, resulting in her being arrested for possession of a controlled substance and taken to the Greenville Police Station. A subsequent search of Brigham's person discovered, in her underwear, 187.3 grams of crack cocaine, which Brigham reported was owned by Evens.

That resulted in Evens' prosecution and conviction for possession of more than four grams, but less than 200 grams, of crack cocaine with intent to deliver and a resulting sentence of seventy-five years in prison.[1] Over Evens' objection, the trial court ordered Evens' sentence to run consecutively to a life sentence Evens received in a prior case.

On appeal, Evens argues that the evidence was legally insufficient to support the conviction and that cumulating the sentence he received in this case with an earlier sentence is unconstitutional because it is grossly disproportionate to the offense. We affirm the trial court's

---

[1]Due to two prior felony convictions, Evens' punishment range was enhanced to twenty-five to ninety-nine years or life in prison.

judgment because: (1) legally sufficient evidence supports the verdict and (2) cumulating Evens' sentences was not constitutional error.

*(1) Legally Sufficient Evidence Supports the Verdict*

Evens contends that the evidence was legally insufficient to support the verdict. Evens focuses here on the fact that he did not physically possess the cocaine, but Brigham did.

In evaluating legal sufficiency, we review all the evidence in the light most favorable to the trial court's judgment to determine whether any rational jury could have found the essential elements of the offense beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd). We examine evidentiary sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The "hypothetically correct" jury charge is "one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id*.

3

"To prove unlawful possession of a controlled substance, the State must prove that: (1) the accused exercised control, management, or care over the substance; and (2) the accused knew the matter possessed was contraband." *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005). When an accused does not exclusively possess the place where the contraband is found, other evidence must link the defendant to the contraband. *Id*. at 406.

The question becomes whether there is sufficient evidence linking the defendant with the contraband to support "a reasonable inference that the accused knew of the contraband's existence and exercised control over it." *Haggerty v. State*, 429 S.W.3d 1, 6 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd). Such links may include:

> (1) the defendant's presence when a search is conducted; (2) whether the contraband was in plain view; (3) the defendant's proximity to and the accessibility of the narcotic; (4) whether the defendant was under the influence of narcotics when arrested; (5) whether the defendant possessed other contraband or narcotics when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia were present; (11) whether the defendant owned or had the right to possess the place where the drugs were found; (12) whether the place where the drugs were found was enclosed; (13) whether the defendant was found with a large amount of cash; and (14) whether the conduct of the defendant indicated a consciousness of guilt.

*Evans v. State*, 202 S.W.3d 158, 162 n.12 (Tex. Crim. App. 2006). The logical force of the links,[2] not their number, is the key. *Id.* at 162; *Smith v. State*, 176 S.W.3d 907, 916 (Tex. App.—Dallas

---

[2]Historically, these links have been regularly called "affirmative links," but the Texas Court of Criminal Appeals has ruled that such reference is passé. It is not an independent test for sufficiency of the evidence, but merely a way to refer to a wide range of circumstantial evidence that can serve to show a knowing possession or control of contraband. The word "affirmative" adds nothing meaningful to the word "links." *See Evans*, 202 S.W.3d at 162 n.9.

2005, pet. ref'd)). There is no set formula. *Hyett v. State*, 58 S.W.3d 826, 830 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd). The links come from the totality of the circumstances. *Id*. (citing *Sosa v. State*, 845 S.W.2d 479, 483–84 (Tex. App.—Houston [1st Dist.] 1993, pet. ref'd)).

Evens contends that "there was no reliable evidence" that he knowingly and intentionally, acting together with Brigham, possessed with intent to manufacture or deliver the crack cocaine in question. Investigator Warren Mitchell testified that Brigham and Evens were working together to move things out of the motel and into their two vehicles. When the pair left the motel, Brigham was following Evens' truck, and when investigator Russell Stillwagoner stopped Evens' truck, Brigham pulled her car over and waited for him. The drug dog gave a positive alert for drugs on the door handles of Evens' truck. Brigham testified that the 187.3 grams of crack cocaine she had belonged to Evens, that he gave her the drugs to begin with, and that Evens was planning on getting the drugs back from her. Evens was present when Brigham was arrested. When Brigham was arrested, Evens "aggressively requested that [her] vehicle be released to him," and Brigham agreed.

Evens admitted that, in May 2010, Brigham was distributing drugs for him. While he was in prison, he instructed her to buy various drugs from his supplier, gave her directions as to how to prepare the drugs for sale, where to deliver them, and what to do with the income from selling the drugs. In prior testimony in federal court, Evens admitted that Brigham was his girlfriend, that the "over 200 grams of crack cocaine" she was carrying that day belonged to him, that they were leaving from a motel that day, and that she was supposed to take the drugs to his nephew, Chase Grant. Based on the totality of the circumstances, we find there was legally sufficient evidence

5

that Evens was working with Brigham and sufficient links to raise the reasonable inference that Evens knew of the drugs' presence and exercised control over the drugs.

Evens also argues that the State's evidence was scant, that Brigham's testimony was self-serving, and that his prior testimony regarding the drugs found on Brigham was referring to the fourteen grams he had given her earlier that day. When there is conflicting testimony, the "jury is the sole judge of the credibility of witnesses and the weight to be given to their testimonies, and the reviewing court must not usurp this role by substituting its own judgment for that of the jury." *Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012). "To the extent the testimony is inconsistent, the jury as the trier of fact had the ultimate authority to determine the credibility of witnesses and the weight to be given to their testimony." *Herrero v. State*, 124 S.W.3d 827, 833 (Tex. App.—Houston [14th Dist.] 2003, no pet.). Here, the jury could have reasonably chosen to believe that Evens' prior testimony amounted to an admission that the drugs found on Brigham were his, to believe Brigham's testimony that the drugs belonged to Evens, and to disbelieve Evens' testimony and explanations to the contrary. *See id.*

Viewing the evidence in the light most favorable to the verdict, we find the evidence legally sufficient for a reasonable jury to find Evens guilty beyond a reasonable doubt. Accordingly, we overrule this point of error.

*(2)     Cumulating Evens' Sentences Was Not Constitutional Error*

Evens also contends that, by ordering his seventy-five-year sentence to run consecutively to the life sentence he received in a prior case, the trial court "technically sentenced [him] to life without parole," which is outside the statutory range of punishment and grossly disproportionate to the severity of the offense.

When a particular sentence is within the statutorily authorized range of punishment, the sentence is not cruel or unusual.[3] *Jackson v. State*, 989 S.W.2d 842, 846 (Tex. App.—Texarkana 1999, no pet.) (citing, *inter alia*, *Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973)). Nonetheless an Eighth Amendment claim survives this presumption. *Id.*

A sentence of seventy-five years for a first-degree-felony offense of possession of four grams or more but less than 200 grams of cocaine with the intent to deliver is within the allowed sentencing range. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(d) (West 2010); TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2015), § 12.32 (West 2011). Trial courts are given, by statute, discretion to cumulate a defendant's sentences. *See Ex parte Davis*, 506 S.W.2d 882, 883 (Tex. Crim. App. 1974). The trial court's sentence and order that it be served consecutively after Evens' prior life sentence are presumptively proportionate and not cruel or unusual for the offense of which Evens was convicted.

To address Evens' claim, we first compare the severity of the sentence to the gravity of the offense underlying the current conviction as well as the offenses underlying the prior convictions.

---

[3]The United States Constitution prohibits cruel and unusual punishment, while the Texas Constitution prohibits cruel or unusual punishment. *Cf.* U.S. CONST. art. VIII; TEX. CONST. art. I, § 13. Evens' argument is made under the U.S Constitution.

*See McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992); *Alberto v. State*, 100 S.W.3d 528, 530 (Tex. App.—Texarkana 2003, no pet.). If that "initial comparison create[s] an inference that the sentence was grossly disproportionate to the offense," we then consider "(1) sentences for similar crimes in the same jurisdiction and (2) sentences for the same crime in other jurisdictions."[4] *Mullins v. State*, 208 S.W.3d 469, 470 (Tex. App.—Texarkana 2006, no pet.) (citing *McGruder*, 954 F.2d at 316 (interpreting *Harmelin v. Michigan*, 501 U.S. 957, 964–65 (1991)).

Evens contends that what is effectively a sentence of life without parole is outside the statutory range of punishment and grossly disproportionate to the severity of the offense for which he was convicted. His argument ignores the essence of the statute under which he was sentenced. Evens was sentenced under the provisions of Section 12.42(d) of the Texas Penal Code. Under that statute, sentence is imposed to reflect the seriousness of the most recent offense, not as it stands alone, but in light of prior offenses. *See Rummel v. Estelle*, 445 U.S. 263, 276 (1980). A repeat offender's sentence is "based not merely on that person's most recent offense but also on the propensities he has demonstrated over a period of time during which he has been convicted of and sentenced for other crimes." *Hicks v. State*, 15 S.W.3d 626, 632 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd). Therefore, in considering whether Evens' cumulated sentence is "grossly disproportionate," we consider the present offense, the enhancements alleged in the indictment,

---

[4]In *Harmelin*, Justice Kennedy concurred in part and concurred in the judgment of the Court. Regarding the analysis for such a claim, he suggested "intrajurisdictional and interjurisdictional analyses are appropriate only in the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality." *Harmelin*, 501 U.S. at 1005 (Kennedy, J., concurring). Justice Scalia's majority opinion would have done away with the jurisdictional comparisons, but that section of the opinion was not joined by a majority of the Court. *See Harmelin*, 501 U.S. at 988–89.

and other sentencing evidence regarding Evens' criminal history. *Vrba v. State*, 69 S.W.3d 713, 724 (Tex. App.—Waco 2002, pet. ref'd).

Evens was convicted of possessing the 187.3 grams of crack cocaine with intent to deliver, a first degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(d); TEX. PENAL CODE ANN. § 12.32. The distribution and use of illegal drugs continues to be a serious issue in our society. The possession, use, and distribution of illegal drugs represent "one of the greatest problems affecting the health and welfare of our population." *Harmelin*, 501 U.S. at 1002, (Kennedy, J., concurring), (quoting *Treasury Employees v. Von Raab*, 489 U.S. 656, 668 (1989)).

The gravity of the underlying offense was greatly increased by the evidence admitted during the punishment phase, which showed that Evens has a consistent pattern of serious and drug-related criminal behavior that spans more than thirty years. In 1978, Evens received probation for the third-degree felony of escape, but the court, in 1980, revoked his probation and sentenced him to two years in prison. In 1987, Evens was convicted of theft by receiving and concealing stolen property over $750.00, a third-degree felony. He was sentenced to community supervision, but it was later revoked, and a sentence of seven years was entered. In 1989, Evens pled guilty to the first-degree felony offense of possession of a controlled substance with intent to deliver, for which he received a ten-year sentence. In 1991, Evens pled guilty to possession of a controlled substance, a second-degree felony, receiving three years' deferred probation. In 2008, Evens pled guilty to evading arrest in a vehicle, a state jail felony that was enhanced to a second-degree felony, for which he received a three-year sentence. Evens admitted that he was ordering and directing the sale of drugs while he was in prison in 2010. In the prior federal proceeding,

Evens testified that, from February 2010 through September 2011, he and those working for him sold between four and five kilograms of crack cocaine.

In *Rummel*, the United States Supreme Court held that it did not constitute "cruel and unusual punishment" to impose a life sentence under the Texas "recidivist statute," now Section 12.42(d) of the Texas Penal Code, on a defendant who had been convicted, successively, of fraudulent use of a credit card to obtain $80.00 worth of goods or services, passing a forged check in the amount of $28.36, and obtaining $120.75 by false pretenses. *Rummel*, 445 U.S. at 285.

In *McGruder*, the Fifth Circuit Court of Appeals held that it did not constitute "cruel and unusual punishment" to impose a life sentence without the hope of parole under a habitual offender statute on a defendant who had been convicted, successively, of burglary of an automobile, armed robbery, burglary and larceny, and armed robbery again. *McGruder*, 954 F.2d at 315.

Because the sentences are within the statutory range of punishment, and evidence was presented regarding his previous felonies, Evens' punishment is not prohibited as cruel, unusual, or excessive. Moreover, having compared the seventy-five-year sentence with the nature and gravity of Evens' prior criminal history, the sentences are not grossly disproportionate in violation of the Eighth Amendment. Neither did the trial court's cumulation of the seventy-five year sentence with a previous life sentence violate the Eighth Amendment. *See Stevens v. State*, 667 S.W.2d 534, 537 (Tex. Crim. App. 1984). Having determined that the consecutive sentences are not grossly disproportionate, we find it unnecessary to consider the remaining factors of the *Solem* test.

We affirm the trial court's judgment.

Josh R. Morriss, III
Chief Justice

Date Submitted:     October 7, 2015
Date Decided:       November 25, 2015


Do Not Publish