**Kenneth YOUNG, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 60374.**

Court of Criminal Appeals of Texas, Panel No. 1.

April 4, 1979.

Thomas N. Bluntzer, court appointed on appeal, New Braunfels, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and PHILLIPS and TOM G. DAVIS, JJ.

OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for theft of property of over the value of $200.00 and less than $10,000.00. Trial was before the court upon a plea of guilty and punishment was assessed at two years.

In a single ground of error, appellant complains of the order of cumulation whereby the court cumulated the punishment assessed with the punishment assessed in a prior conviction in Harris County.

The order of cumulation reads as follows:

"Sentence to run from and after Defendant completes his sentence in Cause No. 273166, Harris County, Texas being served by defendant."

In *Ward v. State*, 523 S.W.2d 681, it was noted that this Court had recommended that cumulation orders contain:

"(1) the trial number of the prior conviction;

"(2) the correct name of the court where the prior conviction was taken;

"(3) the date of the prior conviction;

"(4) the term of years of the prior conviction;

"(5) the nature of the prior conviction."

It was noted in *Ward* that orders containing less than the recommended elements of a cumulation order have been upheld. *Phillips v. State*, Tex.Cr.App., 488 S.W.2d 97; *Ex parte Collier*, 156 Tex.Cr.R. 377, 243 S.W.2d 177.

In *Ex parte Davis*, Tex.Cr.App., 506 S.W.2d 882, a cumulation order read:

" . . . . this sentence shall commence and begin to run when sentences in cause

numbers as follows have been completed. Cause # 12,772 Kaufman County, Texas, Dallas County, Texas Cause # C–69–6998–J, C–69–6551–JK, C–70–1949–K and C–70–949–K."

This Court held the foregoing cumulation order in *Ex parte Davis,* supra, to be void. As in the instant case, the cumulation order in *Davis* recited, at most, only one detail— the numbers of the prior convictions. The names of the convicting courts, the offenses upon which convictions were had, the dates of the sentences, and the terms of years assessed are not set forth in either the *Davis* case or the instant case. In *Ex parte Lewis,* Tex.Cr.App., 414 S.W.2d 682, a purported cumulation order like the ones in *Ex parte Davis* and the instant case was held to be insufficient. In *Lewis,* this Court held that when a cumulation order in which reference was made only to the previous case number was not sufficient where the prior conviction was in a different court.[1] We conclude that the cumulation order in the instant case is void.

While the cumulation order is of no force and effect, it does not in any way affect the validity of the conviction in the instant case where appellant entered a plea of guilty and made a judicial confession. The judgment therein is affirmed.

---

1. A different result may have been indicated in the present case if the prior conviction had been shown to have been in the same court where the instant case was tried. See *Hamm v. State,* Tex.Cr.App., 513 S.W.2d 85.