**Ex parte Billy Joe ASHE.**

No. 69052.

Court of Criminal Appeals of Texas, En Banc.

Nov. 10, 1982.

James Keeshan, Dist. Atty., Peter C. Speers, III, Asst. Dist. Atty., Conroe, Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This is a post-conviction application for habeas corpus filed pursuant to Art. 11.07, V.A.C.C.P. The cause was ordered filed and set for submission in order to address the validity of cumulation orders in causes 13838 and 15318 in the 284th District Court of Montgomery County.

The controlling law is set out in *Young v. State,* Tex.Cr.App., 579 S.W.2d 10, and applied to the cumulation order in that case, which is very much like the ones in this case. In *Young* the Court wrote:

"In a single ground of error, appellant complains of the order of cumulation whereby the court cumulated the punishment assessed with the punishment assessed in a prior conviction in Harris County.

"The order of cumulation reads as follows:

" 'Sentence to run from and after Defendant completes his sentence in Cause No. 273166, Harris County, Texas being served by defendant.'

"In *Ward v. State,* [Tex.Cr.App.,] 523 S.W.2d 681, it was noted that this Court had recommended that cumulation orders contain:

" '(1) the trial number of the prior conviction;

" '(2) the correct name of the court where the prior conviction was taken;

" '(3) the date of the prior conviction;

" '(4) the term of years of the prior conviction;

" '(5) the nature of the prior conviction.'

"It was noted in *Ward* that orders containing less than the recommended elements of a cumulation order have been upheld. *Phillips v. State,* Tex.Cr.App., 488 S.W.2d 97; *Ex parte Collier,* 156 Tex. Cr.R. 377, 243 S.W.2d 177.

"In *Ex parte Davis,* Tex.Cr.App., 506 S.W.2d 882, a cumulation order read:

" '. . . the sentence shall commence and begin to run when sentences in cause numbers as follows have been completed. Cause # 12,772 Kaufman County, Texas, Dallas County, Texas Cause # C–69–6998–J, C–69–6551–JK, C–70–1949–K and C–70–949–K.'

"This Court held the foregoing cumulation order in *Ex parte Davis,* supra, to be void. As in the instant case, the cumulation order in *Davis* recited, at most, only one detail—the numbers of the prior convictions. The names of the convicting courts, the offenses upon which convictions were had, the dates of the sentences, and the terms of years assessed are not set forth in either the *Davis* case or the instant case. In *Ex parte Lewis,*

Tex.Cr.App., 414 S.W.2d 682, a purported cumulation order like the ones in *Ex parte Davis* and the instant case was held to be insufficient. In *Lewis,* this Court held that when a cumulation order in which reference was made only to the previous case number was not sufficient where the prior conviction was in a different court. We conclude that the cumulation order in the instant case is void."

The cumulation orders in the cases before us in relevant part recite:

"Said sentence is . . . to run consecutively with Cause No. 335, 897 in Harris County, Texas."

Like the order in *Young,* the orders here recite only the cause number and county. This is not sufficient where the prior conviction is in a different court. Accordingly, the cumulation orders are void and must be set aside.

The sentences in the Montgomery County cases will begin on the day pronounced, see *Ex parte Jordan,* 562 S.W.2d 483, with appellant receiving credit for time spent in jail as recited in the sentences. A copy of the opinion will be sent to the Texas Department of Corrections.

It is so ordered.