MURRAY V. STATE



NO. 07-04-0440-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



SEPTEMBER 19, 2005


______________________________



LEE CORNELIUS MURRAY, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;



NO. 49,243-B; HON. JOHN BOARD, PRESIDING


_______________________________





Opinion


_______________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

 Lee Cornelius Murray appealed his conviction for burglary of a habitation. Through
two issues, he contended that 1) the trial court erred in failing to grant his motion for mistrial
due to the contamination of the jury panel, and 2) the trial court improperly cumulated his
sentence. We affirm the judgment of the trial court.

 Issue One - Mistrial

 Appellant argued that the jury panel was tainted when venire member Gonzales
stated that he knew the defendant from seeing him in the neighborhood and "[e]verybody
now [sic] how he was." Though Gonzales was excused for cause from the panel, other
members of the venire heard the comment. Moreover, venire member Ray told the trial
court that she was concerned about it and could not "put it out of [her] mind." Yet, this
same panel member also cautioned that she was not "saying [she] won't be objective." (1) 
At that point, appellant moved for a mistrial. In response to the motion, the trial court
collectively asked the venire members if they heard Gonzales' utterance and whether it
would "affect" their "ability to be fair" towards appellant "[b]ecause that might come into your
deliberations back in the jury room" or "influence your decisionmaking [sic] in the
punishment phase." The trial court noted for the record that though most "if not all" of the
venire members indicated that they heard the comment, "[a]bsolutely nobody indicated that
[it] would have anything to do with the verdict." Given this, the trial court denied the motion. 

 We review the denial of a motion for mistrial under the standard of abuse of
discretion. Simpson v. State, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003), cert. denied,
__U.S.__, 124 S.Ct. 2837, 159 L.Ed.2d 270 (2004). Next, to be an instance of abused
discretion, the decision must fall outside the zone of reasonable disagreement. 
Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (defining abused
discretion as a decision falling outside the zone of reasonable disagreement). Furthermore,
mistrial is appropriate only for "highly prejudicial and incurable errors." Wood v. State, 18
S.W.3d 642, 648 (Tex. Crim. App. 2000). And, it is within the discretion of a trial court to
deny a mistrial when an instruction to disregard the matter would cure any resulting harm. 
Young v. State, 137 S.W.3d 65, 72 (Tex. Crim. App. 2004). Finally, an instruction to
disregard may (under certain circumstances) cure alleged harm arising from comments that
purportedly taint a jury venire. See e.g., id. (wherein the Court of Criminal Appeals held
that an instruction to disregard was sufficient to ameliorate any harm arising from particular
comments made during jury selection and heard by the potential jurors).

 At bar, the statement uttered by Gonzales was vague or innocuous. It did not
explain itself. Nor does the record reveal that Gonzales or anyone else explained what was
meant. So too was Gonzales removed from the venire for cause, while venire member Ray
was peremptorily struck. Thus, she had no opportunity to dwell on the matter in the
presence of the jurors ultimately selected to try the cause. The comment was also made
early in the proceeding before the presentation of evidence as opposed to the end of trial
when it would still be fresh in the jurors' minds as they began to deliberate. More
importantly, though each venire member may have heard it, "[a]bsolutely nobody" indicated
that it would influence their decision or cause them to be unfair towards appellant. This
itself was and is evidence that the utterance was not the type of comment that any
instruction to disregard could not have cured. Given these indicia, we conclude that an
instruction to disregard would have cured the purported evil arising from the utterance and
that the decision to deny a mistrial fell within the zone of reasonable disagreement. Issue
one is overruled.

 Issue Two - Cumulative Sentence

 Appellant next complained that the order providing for cumulative sentencing was
too indefinite to be valid. This was purportedly so because it failed to contain all the indicia
of specificity mentioned in Young v. State, 579 S.W.2d 10 (Tex. Crim. App. 1979). We
overrule the issue.

 First, the court in Young acknowledged that the five criteria mentioned were simply
"recommended." Id. at 10. "[O]rders containing less than the recommended elements of
a cumulation order have been upheld," it continued. Id. 

 Second, to be valid, the order directing the sentences to be stacked need only "be
sufficiently specific to allow the Texas Department of Criminal Justice-Institutional
Division . . . to identify the prior with which the newer conviction is cumulated." Ex parte
San Migel, 973 S.W.2d 310, 311 (Tex. Crim. App. 1998); Jones v. State, No. 07-03-0226-CR, 2004 Tex. App. Lexis 10892 at *4 (Tex. App.-Amarillo December 2, 2004, no pet.) (not
designated for publication). And, whether this standard was satisfied can be determined
through the consideration of such things as the Young criteria. They include 1) the cause
number of the prior conviction, 2) the correct name of the court from which the prior
conviction emanated, 3) the date and nature of the prior conviction, and 4) whether the
term of years assessed in the prior conviction was mentioned by the trial court. Young v.
State, 579 S.W.2d at 10; Jones v. State, 2004 Tex. App. Lexis 10892 at *4. Yet, again,
these factors are but guides used to reach the answer; the information to which they allude
need not be in the pronouncement if the pronouncement nonetheless gives the Department
of Criminal Justice sufficient information to identify the prior conviction involved. Hamm v.
State, 513 S.W.2d 85, 86 (Tex. Crim. App. 1974); Jones v. State, 2004 Tex. App. Lexis
10892 at *5. 

 Here, the first page of the judgment (or order) stated that the sentence began "when
the sentence in Cause No. 8649 in the 46th District Court of Wilbarger County, Texas [was]
completed." Elsewhere in that same document, the trial court further described the prior
conviction as occurring on April 23, 1991, and involving the offense of burglarizing a
habitation. The cause number, the trial court involved, the date of conviction, and the
nature of the prior offense is sufficient information to enable the Department of Criminal
Justice to identify the prior conviction to which the current conviction is stacked. See
Matheson v. State, 832 S.W.2d 692, 694 (Tex. App.-Corpus Christi 1992, no pet.) (holding
that the order and judgment taken together which stated the cause number, prior convicted
offense, and name of the court provided sufficient notice). 

 Having overruled each issue, we affirm the trial court's judgment.


 Brian Quinn 

 Chief Justice

Publish.
1. The appellant used one of its peremptory challenges to remove Ray from the ultimate jury panel.



60;                                                               Mackey K. Hancock

                                                                                    Justice