NO. 07-04-0440-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

SEPTEMBER 19, 2005

_____

LEE CORNELIUS MURRAY,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 49,243-B; HON. JOHN BOARD, PRESIDING
_____

*Opinion*
_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

Lee Cornelius Murray appealed his conviction for burglary of a habitation. Through two issues, he contended that 1) the trial court erred in failing to grant his motion for mistrial due to the contamination of the jury panel, and 2) the trial court improperly cumulated his sentence. We affirm the judgment of the trial court.

*Issue One – Mistrial*

Appellant argued that the jury panel was tainted when venire member Gonzales stated that he knew the defendant from seeing him in the neighborhood and "[e]verybody now [sic] how he was." Though Gonzales was excused for cause from the panel, other

members of the venire heard the comment. Moreover, venire member Ray told the trial court that she was concerned about it and could not "put it out of [her] mind." Yet, this same panel member also cautioned that she was not "saying [she] won't be objective."[1] At that point, appellant moved for a mistrial. In response to the motion, the trial court collectively asked the venire members if they heard Gonzales' utterance and whether it would "affect" their "ability to be fair" towards appellant "[b]ecause that might come into your deliberations back in the jury room" or "influence your decisionmaking [sic] in the punishment phase." The trial court noted for the record that though most "if not all" of the venire members indicated that they heard the comment, "[a]bsolutely nobody indicated that [it] would have anything to do with the verdict." Given this, the trial court denied the motion.

We review the denial of a motion for mistrial under the standard of abuse of discretion. *Simpson v. State,* 119 S.W.3d 262, 272 (Tex. Crim. App. 2003), *cert. denied,* __U.S.__, 124 S.Ct. 2837, 159 L.Ed.2d 270 (2004). Next, to be an instance of abused discretion, the decision must fall outside the zone of reasonable disagreement. *Montgomery v. State,* 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (defining abused discretion as a decision falling outside the zone of reasonable disagreement). Furthermore, mistrial is appropriate only for "highly prejudicial and incurable errors." *Wood v. State,* 18 S.W.3d 642, 648 (Tex. Crim. App. 2000). And, it is within the discretion of a trial court to deny a mistrial when an instruction to disregard the matter would cure any resulting harm. *Young v. State,* 137 S.W.3d 65, 72 (Tex. Crim. App. 2004). Finally, an instruction to disregard may (under certain circumstances) cure alleged harm arising from comments that

---

[1]The appellant used one of its peremptory challenges to remove Ray from the ultimate jury panel.

purportedly taint a jury venire. *See e.g., id.* (wherein the Court of Criminal Appeals held that an instruction to disregard was sufficient to ameliorate any harm arising from particular comments made during jury selection and heard by the potential jurors).

At bar, the statement uttered by Gonzales was vague or innocuous. It did not explain itself. Nor does the record reveal that Gonzales or anyone else explained what was meant. So too was Gonzales removed from the venire for cause, while venire member Ray was peremptorily struck. Thus, she had no opportunity to dwell on the matter in the presence of the jurors ultimately selected to try the cause. The comment was also made early in the proceeding before the presentation of evidence as opposed to the end of trial when it would still be fresh in the jurors' minds as they began to deliberate. More importantly, though each venire member may have heard it, "[a]bsolutely nobody" indicated that it would influence their decision or cause them to be unfair towards appellant. This itself was and is evidence that the utterance was not the type of comment that any instruction to disregard could not have cured. Given these indicia, we conclude that an instruction to disregard would have cured the purported evil arising from the utterance and that the decision to deny a mistrial fell within the zone of reasonable disagreement. Issue one is overruled.

*Issue Two – Cumulative Sentence*

Appellant next complained that the order providing for cumulative sentencing was too indefinite to be valid. This was purportedly so because it failed to contain all the indicia of specificity mentioned in *Young v. State*, 579 S.W.2d 10 (Tex. Crim. App. 1979). We overrule the issue.

3

First, the court in *Young* acknowledged that the five criteria mentioned were simply "recommended." *Id.* at 10. "[O]rders containing less than the recommended elements of a cumulation order have been upheld," it continued. *Id.*

Second, to be valid, the order directing the sentences to be stacked need only "be sufficiently specific to allow the Texas Department of Criminal Justice-Institutional Division . . . to identify the prior with which the newer conviction is cumulated." *Ex parte San Migel*, 973 S.W.2d 310, 311 (Tex. Crim. App. 1998); *Jones v. State*, No. 07-03-0226-CR, 2004 Tex. App. LEXIS 10892 at *4 (Tex. App.–Amarillo December 2, 2004, no pet.) (not designated for publication). And, whether this standard was satisfied can be determined through the consideration of such things as the *Young* criteria. They include 1) the cause number of the prior conviction, 2) the correct name of the court from which the prior conviction emanated, 3) the date and nature of the prior conviction, and 4) whether the term of years assessed in the prior conviction was mentioned by the trial court. *Young v. State*, 579 S.W.2d at 10; *Jones v. State,* 2004 Tex. App. LEXIS 10892 at *4. Yet, again, these factors are but guides used to reach the answer; the information to which they allude need not be in the pronouncement if the pronouncement nonetheless gives the Department of Criminal Justice sufficient information to identify the prior conviction involved. *Hamm v. State*, 513 S.W.2d 85, 86 (Tex. Crim. App. 1974); *Jones v. State,* 2004 Tex. App. LEXIS 10892 at *5.

Here, the first page of the judgment (or order) stated that the sentence began "when the sentence in Cause No. 8649 in the 46th District Court of Wilbarger County, Texas [was] completed." Elsewhere in that same document, the trial court further described the prior conviction as occurring on April 23, 1991, and involving the offense of burglarizing a

4

habitation. The cause number, the trial court involved, the date of conviction, and the nature of the prior offense is sufficient information to enable the Department of Criminal Justice to identify the prior conviction to which the current conviction is stacked. *See Matheson v. State,* 832 S.W.2d 692, 694 (Tex. App.–Corpus Christi 1992, no pet.) (holding that the order and judgment taken together which stated the cause number, prior convicted offense, and name of the court provided sufficient notice).

Having overruled each issue, we affirm the trial court's judgment.


Brian Quinn
Chief Justice

Publish.