**Opinion filed December 8, 2022**



In The

# Eleventh Court of Appeals

_____

## No. 11-21-00200-CR

_____

### DANIEL RAY GARCIA, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 106th District Court**
**Gaines County, Texas**
**Trial Court Cause No. 16-4669**

## M E M O R A N D U M   O P I N I O N

Appellant, Daniel Ray Garcia, originally pleaded guilty to the second-degree felony offense of aggravated assault with a deadly weapon. *See* TEX. PENAL CODE ANN. § 22.02(a)(2) (West Supp. 2022). Pursuant to the terms of the plea agreement, the trial court assessed Appellant's punishment at confinement for a term of ten years in the Institutional Division of the Texas Department of Criminal Justice and a fine of $3,000. However, the trial court suspended the imposition of the confinement

portion of Appellant's sentence and placed him on community supervision for ten years. The State subsequently filed an application, later amended, to revoke Appellant's community supervision based on allegations that he violated certain terms of his community supervision. After a hearing, the trial court revoked Appellant's community supervision and imposed the original sentence of imprisonment for ten years and $3,000 fine. This appeal followed.

*Background Facts*

On June 1, 2017, Appellant pleaded guilty to the offense of aggravated assault with a deadly weapon for threatening the victim of the offense with imminent bodily injury by use of a knife, a deadly weapon. *See* PENAL § 22.02(a)(2). In exchange for his guilty plea, Appellant received a ten year probated sentence. In December 2018, the State filed an application to revoke Appellant's community supervision, alleging that Appellant committed a theft offense, failed to report for numerous consecutive months, failed to pay court-ordered fines and fees, failed to participate in community service, and failed to obey curfew requirements. The State requested an arrest warrant to issue based on the application to revoke and the allegations contained therein. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.751(b) (West Supp. 2022).

On April 29, 2019, Appellant shot Seagraves Police Officer Matthew Zalewski seven times during a traffic stop. The State filed an amended application to revoke Appellant's community supervision alleging this new offense of Attempted Capital Murder of a Peace Officer or Fireman along with several additional criminal offenses and community supervision violations. In June 2021, Appellant proceeded to a jury trial on the offense involving Officer Zalewski; the jury found Appellant guilty and Appellant was sentenced to life imprisonment in that cause.

On July 15, 2021, the trial court held a hearing on the State's amended motion to revoke Appellant's community supervision. At the hearing, the State presented two witnesses, Officer Zalewski and a community supervision officer from the 106th Judicial District Community Supervision Department. The State additionally presented Officer Zalewski's in-car camera footage from the shooting incident. Appellant, appearing pro se and with standby counsel, argued pretrial motions, cross-examined both witnesses, and was given a full opportunity to rebut and present evidence and argument at the hearing.

Following the hearing, the trial court found that, with the exception of one allegation regarding a curfew violation, Appellant committed all the violations alleged in the State's amended application, revoked Appellant's community supervision, and sentenced Appellant to imprisonment for ten years. The trial court then granted the State's motion to cumulate sentences and ordered that Appellant's ten-year sentence for aggravated assault with a deadly weapon (Cause No. 16-4669) run consecutively to the life sentence Appellant received for shooting Officer Zalewski (Cause No. 19-5086). *See* CRIM. PROC. art. 42.08(a) (West 2018).

Proceeding pro se, as Appellant did in the trial court, Appellant raises seven loosely structured "grounds" which we organize into six issues on appeal:

(1) the trial court violated Appellant's Sixth Amendment right to counsel at the revocation hearing because the State "forced [an] Attorney on Appellant at [the] hearing";

(2) the arrest warrant on the State's application for revocation was invalid based on the timing of its execution and filing;

(3) the trial court violated the due process clause of the Fourteenth Amendment by "never hear[ing] [and] never sen[ding]" a subsequent writ of habeas corpus filed by Appellant pursuant to Article 11.072 of the Texas Code of Criminal Procedure;

3

(4) the timing of the revocation hearing violated Appellant's due process rights under the United States and Texas constitutions;

(5) the trial court's cumulation order was invalid based on its form and the date the written order was signed; and

(6) the trial court's judgments and sentences in both the original community supervision case and the revocation case are "void."

Appellant comingles his "grounds" of appeal, especially those relating to the "void" judgments/sentences and the cumulation order. Each "ground" includes Appellant's scattered repetitions of lack of "due process," "void" rulings, and his claims that the trial court's rulings and judgment should be "vacated and remanded." Many of these protestations are complaints but are not understandable legal points of appeal and do not comply with Rule 38.1(f) of the Texas Rules of Appellate Procedure. Further, they are made while providing argument but lacking in any evidentiary or legal support given. We, however, have diligently considered Appellant's pro-se briefing, and in an effort to enhance readability, we synthesize the legal "grounds" raised and address them in the order that they are listed above (1–6). We modify and affirm the trial court's judgment.

*Analysis*

As an initial matter, the State urges that we reject Appellant's brief because it does not meet the requirements of Rule 38.1 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 38.1. Appellant filed an initial brief and, with leave from this court, a document titled "Second Part of Brief." We agree that these filings do not strictly comply with Rule 38.1. We do, however, allow Appellant some latitude in the form of his brief because he is proceeding pro se. Although we construe Appellant's filings liberally, we note that a pro se appellant is not exempt from the Texas Rules of Appellate Procedure. Indeed, a pro se appellant is not "granted any special consideration solely because he asserted his pro se rights."

4

*Johnson v. State*, 760 S.W.2d 277, 279 (Tex. Crim. App. 1988). With these principles in mind, we address each issue raised by Appellant in turn.

*Appellant's Right to Self-Representation*

An accused person that may potentially lose his liberty is constitutionally guaranteed the right to assistance of counsel. *See* U.S. CONST. amend. VI, XIV; TEX. CONST. art. I, § 10 (West 2007); *see also Faretta v. California*, 422 U.S. 806, 818–19 (1975). The United States Constitution and the Texas constitution also "[g]uarantee that any such defendant may dispense with counsel and make his own defense." *Collier v. State*, 959 S.W.2d 621, 625 (Tex. Crim. App. 1997); *see also* TEX. CONST. art. I, § 10 (accused has constitutional right to assistance of counsel and constitutional right to proceed pro se); *Faretta*, 422 U.S. at 818–19 (same). A decision to proceed pro se "must be made (1) competently, (2) knowingly and intelligently, and (3) voluntarily." *Collier*, 959 S.W.2d at 625.

Appellant does not contend that the trial court erred in allowing him to represent himself, nor does Appellant contend that he unknowingly or involuntarily made such a decision. Instead, Appellant claims that the trial court violated his Sixth Amendment right to represent himself because the State "forced" an attorney on him at the revocation hearing. The State responds that, while the trial court did appoint an "advisory attorney," Appellant represented himself in the revocation case.

In the underlying guilty-plea proceeding, Appellant was represented by a court-appointed attorney. In the revocation proceeding, Appellant was represented by an attorney briefly in June 2019; however, Appellant filed a letter-motion to dismiss counsel in January 2020. Shortly thereafter, Appellant signed an "Explanation of Rights to Defendants Without an Attorney" in which he waived his right to counsel and further memorialized his wishes to represent himself in the proceeding. At the revocation hearing, the attorney that represented Appellant during the underlying plea proceeding acted as standby counsel (hereinafter

5

"standby counsel").  Prior to the evidentiary portion of the revocation hearing, the following exchange occurred:

[COURT]: Does the defendant have [a copy of the motion]?

[STATE]: We gave one to [standby counsel].  And, Your Honor, for purposes of the record, I want to make sure --

[APPELLANT]: Objection, Your Honor.  [Standby counsel] is not my counsel . . . and you should not . . . give him nothing . . . in my case.

[COURT]: Okay.  That is not a legal objection.  Okay.  [The State] didn't say [standby counsel] was your lawyer.  [The State] said he gave [a copy] to [standby counsel].

[STATE]: -- for purposes of the record, I want to make sure that it's clear because we show that on the record he is still represented by [standby counsel] and not been admonished to be pro se on this particular proceeding.  I want to make sure that we're clear on the record, and that's why we did give it to [standby counsel] because what we show in the system is that [standby counsel] is still his attorney on the revocation . . . even though he was taken off and made standby counsel [in Cause Number 19-5086].

[COURT]: All right.  It's been very clear from all the hearings that we've had before -- at least to the Court it's very clear -- that Mr. Daniel Ray Garcia wishes to represent himself in 16-4669 as well as the -- the other case.

[STATE]: Okay.

[COURT]: He's been allowed to file hearings -- I'm sorry -- motions on his own behalf, which if he had an attorney, he would not be allowed to do so.  So as far as I'm concerned, it's merely clerical that he hasn't been removed . . . as the attorney of record.  So -- but that's on the record now.  It's cleared up.  He does represent himself.  He's already been given the admonishments previously, and so therefore, he is pro se in this matter as well.

6

Appellant himself states that "as soon a[s] Appellant received notice the court gave him a[n] Attorney without his consent, he sent a motion of waiver [of] counsel." Based on this record, it is clear that Appellant wished to represent himself, and the record reflects that he did, in fact, represent himself during the revocation hearing. Nothing in Appellant's brief identifies what he claims that standby counsel did wrong, and he forwards no argument of any resulting harm from the standby attorney's acts or omissions. While Appellant writes that "Appellant was forced to take a plea," that complaint is a non sequitur in that the record demonstrates that the original plea on the original charge was made years before standby counsel was ever appointed and Appellant may not attack his original plea or conviction here.[1] The attorney in the courtroom was provided only as standby counsel to Appellant during the revocation proceeding. Appointment of standby counsel does not violate a person's right to self-representation. *See Borne v. State*, 593 S.W.3d 404, 414 (Tex. App.—Beaumont 2020, no pet.). We overrule Appellant's first issue.

*Arrest Warrant on Application to Revoke Community Supervision*

In Appellant's second issue, he asserts that the arrest warrant on the State's application for revocation was invalid based on the timing of its execution and filing. In part, Appellant complains of a warrant form obviously pre-generated with 2018 dates, but he ignores the handwritten 201"9" correction on the Sheriff's return of service. He also makes an argument that the return predated the issuance of the warrant and therefore such warrant was "invalid" and a violation of his rights under the United States and Texas constitutions. While Appellant contends that a person's

---

[1]Appellant is generally limited to challenging the grounds for revocation. *Araujo v. State*, No. 11-20-00242-CR, 2022 WL 3092669, at *1 (Tex. App.—Eastland Aug. 4, 2022, no pet.) (mem. op., not designated for publication) (citing *Wright v. State*, 506 S.W.3d 478, 481 (Tex. Crim. App. 2016) ("The general rule is that an attack on the original conviction in an appeal from revocation proceedings is a collateral attack and is not allowed.")); *see also Riles v. State*, 452 S.W.3d 333, 338 (Tex. Crim. App. 2015); *Wiley v. State*, 410 S.W.3d 313, 319 (Tex. Crim. App. 2013). No exception is argued nor supported by Appellant under *Nix v. State*, 65 S.W.3d 664, 667 (Tex. Crim. App. 2001).

constitutional liberty cannot be restrained by an invalid warrant, Appellant disregards the written detail of the warrant that is apparent on the face thereof and he cites no authority for the proposition that under these circumstances the timing of the arrest warrant rendered it invalid. *See* TEX. R. APP. P. 38.1(i) (brief must contain "clear and concise" arguments with "appropriate citations to authorities"); *Gonzalez v. State*, 616 S.W.3d 585, 587 (Tex. Crim. App. 2020) (arguments inadequately briefed where appellant merely cited the Sixth and Eighth Amendments and "various Texas constitutional provisions").

Moreover, Appellant did not preserve this issue for our review because he did not object to the timing of the arrest warrant before the trial court. Generally, to preserve a complaint for appellate review, a party must make a contemporaneous request, objection, or motion in the trial court. TEX. R. APP. P. 33.1(a)(1); *see Burg v. State*, 592 S.W.3d 444, 448–49 (Tex. Crim. App. 2020) (citing TEX. R. APP. P. 33.1(a)(1)). As noted by the Texas Court of Criminal Appeals, there are two general policies for requiring timely requests and objections. "First, a specific objection is required to inform the trial judge of the basis of the objection and afford him the opportunity to rule on it. Second, a specific objection is required to afford opposing counsel an opportunity to remove the objection or supply other testimony." *Zillender v. State*, 557 S.W.2d 515, 517 (Tex. Crim. App. 1977). "[O]bjections promote the prevention and correction of errors. When valid objections are timely made and sustained, the parties may have a lawful trial. They, and the judicial system, are not burdened by appeal and retrial. When a party is excused from the requirement of objecting, the results are the opposite." *Saldano v. State*, 70 S.W.3d 873, 887 (Tex. Crim. App. 2002). Appellant did not object to the timing or execution of the arrest warrant in the trial court and therefore did not preserve this issue for our review. We overrule Appellant's second issue.

8

*Writ of Habeas Corpus*

Appellant contends that we should dismiss the instant case with prejudice because a writ of habeas corpus that he filed was "never heard [and] never sent" within 180 days of Appellant filing the writ. *See* CRIM. PROC. arts. 11.60 (refusing to execute writ by officer), 11.61 (refusal to obey writ when person is in officer's custody). We construe the writ of habeas corpus at issue as one pursuant to Article 11.072 of the Texas Code of Criminal Procedure. CRIM. PROC. art. 11.072 (Procedure in Community Supervision Case). Appellant filed the writ at issue on January 26, 2021, after having an initial application for a writ of habeas corpus denied by the trial court. At the revocation hearing, the trial court addressed pretrial matters raised by both parties, including the writ at issue. The trial court denied the application for a writ, stating that Appellant had not offered any new evidence in his subsequent application for writ of habeas corpus. *See* CRIM. PROC. art. 11.072, § 9(a).

We review the trial court's ruling on a habeas application under an abuse of discretion standard. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006); *see also Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006). An applicant seeking postconviction habeas corpus relief bears the burden of establishing by a preponderance of the evidence that the facts entitle him to relief. *Ex parte Richardson*, 70 S.W.3d 865, 870 (Tex. Crim. App. 2002). Cognizable habeas corpus claims are limited to claims of "jurisdictional or fundamental defects and constitutional claims." *Ex parte Tuley*, 109 S.W.3d 388, 393–94 (Tex. Crim. App. 2002) (quoting *Ex parte Graves*, 70 S.W.3d 103, 109 (Tex. Crim. App. 2002)). We view the evidence presented in the light most favorable to the trial court's ruling. *Wheeler*, 203 S.W.3d at 324; *Kniatt*, 206 S.W.3d at 664. The trial court is the sole finder of the facts, and the appellate court must afford almost total deference to a trial court's findings of fact when those findings are supported by the record. *State v.*

9

*Guerrero*, 400 S.W.3d 576, 583 (Tex. Crim. App. 2013) (applying the standard from *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997)); *Ex parte Garcia*, 353 S.W.3d 785, 788 (Tex. Crim. App. 2011) (same). Furthermore, a court of appeals specifically has "less leeway in an article 11.072 context to disregard the findings of a trial court." *Garcia*, 353 S.W.3d at 788.

Here, Appellant did not present any new evidence in his subsequent application for a writ of habeas corpus. Consequently, the trial court was prohibited from considering the merits of, or granting relief on, the subsequent application. *See* CRIM. PROC. art. 11.072, § 9(a). Pursuant to Article 11.072, a trial court cannot grant relief on subsequent applications for a writ of habeas corpus "unless the application contain[ed] sufficient specific facts establishing that the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under [Article 11.072] because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application." *Id.* Appellant did not provide the trial court with "sufficient specific facts" proving that the claims and issues raised in his subsequent application for a writ of habeas corpus had not and could not have been raised in his original application. Therefore, the trial court did not abuse its discretion in denying Appellant's subsequent application for a writ of habeas corpus. We overrule Appellant's third issue.

*Timing of Revocation Hearing*

In his fourth issue, Appellant asserts that the timing of the revocation hearing violated his due process rights under the United States and Texas constitutions, thereby resulting in a void sentence.

Upon request from a defendant, the trial court is required to bring the defendant before it for a hearing on the alleged violations of community supervision within twenty days of the request. CRIM. PROC. art. 42A.751(d); *Aguilar v. State*,

621 S.W.2d 781, 784 (Tex. Crim. App. 1981). Without such a request, the trial court is not required to hold a hearing on the alleged violations within the twenty-day timeframe. *See* CRIM. PROC. art. 42A.751(d). A violation of the statutory twenty-day requirement "merely amounts to unlawful prehearing confinement" and therefore does not require reversal of the trial court's judgment revoking community supervision. *Aguilar*, 621 S.W.2d at 786.

Appellant did not request a hearing from the trial court. Instead, Appellant filed two motions requesting the trial court to terminate or modify his community supervision by "run[ning] this probation concurrently with cause 19-5086." After Appellant went to trial on Cause Number 19-5086, Appellant filed a "Motion to Discharge Case 16-4669" in which he requested that the trial court discharge the instant case based on the life sentence he received in Cause Number 19-5086. In the motion, Appellant stated that he (1) "ha[d]" an invalid warrant, (2) had been in jail, and (3) has "never had a hearing on this case." Appellant's "Motion to Discharge Case 16-4669" does not constitute a request for the trial court to hold a hearing on the revocation, because the motion does not request that Appellant be brought before the trial court to have such a hearing—it merely requests the trial court to dispose of the case. Even so, the trial court held the revocation hearing within the twenty-day timeframe following Appellant's motion. We overrule Appellant's fourth issue.

*Cumulation Order*

In his fifth issue, Appellant contends that the trial court's cumulation order is invalid for two reasons. First, Appellant states that the cumulation order is invalid and should be set aside because the oral pronouncement did not include all five "grounds" recommended by an overruled case. *See Ex parte Ashe*, 641 S.W.2d 243, 244 (Tex. Crim. App. 1982), *overruled by Ex parte San Miguel*, 973 S.W.2d 310, 311 (Tex. Crim. App. 1998). Second, Appellant asserts that the trial court improperly signed the cumulation order the day after the revocation hearing. The

11

State responds that the cumulation order complied with Article 42.08 of the Texas Code of Criminal Procedure. *See* CRIM. PROC. art. 42.08(a).

Under Article 42.08 of the Texas Code of Criminal Procedure, the trial court has the discretion to order the sentences for two or more convictions to run consecutively. *See id.* We review a trial court's decision to cumulate or to run sentences consecutively for an abuse of discretion. *See id.*; *Beedy v. State*, 194 S.W.3d 595, 597 (Tex. App.—Houston [1st Dist.] 2006), *aff'd*, 250 S.W.3d 107, 115 (Tex. Crim. App. 2008); *Nicholas v. State*, 56 S.W.3d 760, 765 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd). An abuse of discretion will generally be found only if (1) the trial court imposes consecutive sentences when the law requires concurrent sentences, (2) the trial court imposes concurrent sentences when the law requires consecutive ones, or (3) the trial court otherwise fails to observe the statutory requirements pertaining to sentencing. *Nicholas*, 56 S.W.3d at 765.

The Court of Criminal Appeals has held that "the decision whether to cumulate does not turn on any discrete or particular findings of fact on the judge's part." *Barrow v. State*, 207 S.W.3d 377, 380 (Tex. Crim. App. 2006). "Instead, cumulating is purely a normative decision." *Id.* As a normative process, the decision to cumulate is not intrinsically fact bound, but rather it is a question of policy. *See Mendiola v. State*, 21 S.W.3d 282, 285 (Tex. Crim. App. 2000) (quoting *Miller–El v. State*, 782 S.W.2d 892, 895–96 (Tex. Crim. App. 1990)). Accordingly, "a punishment that falls within the legislatively prescribed range, and that is based upon the [trial court's] informed normative judgment, is unassailable on appeal." *Barrow*, 207 S.W.3d at 381.

Appellant's argument regarding the form of the cumulation order is without merit. Appellant cites to *Ex parte Ashe* for the proposition that a trial court is required to provide certain details in its order to cumulate sentences, such as the cause number of the prior conviction and the nature of the prior conviction. *See Ex*

12

*parte Ashe*, 641 S.W.2d at 244 (cumulation order void because the order only listed cause number and county). Apart from the fact that Appellant's desired details were clear on the record in this case, the Texas Court of Criminal Appeals expressly overruled *Ex parte Ashe* on this issue. *See Ex parte San Miguel*, 973 S.W.2d 310, 311 (Tex. Crim. App. 1998) (overruling *Ex parte Ashe* and holding that applicant must show that the Texas Department of Criminal Justice is not properly cumulating sentences for such order to be found void).

We also find Appellant's argument regarding the timing of the trial court's signature on its order granting the State's motion to cumulate sentences to be without merit. As an initial matter, there is nothing in the statutory text that requires a trial court to sign an order granting the State's motion within a certain timeframe after it orally pronounces such an order on the record, as long as the trial court signs the order within the period of the trial court's plenary power. *See* CRIM. PROC. art. 42.08(a). Furthermore, the trial court memorialized its oral pronouncement to cumulate the sentences within the judgment it signed the same day. *See* CRIM. PROC. art. 42.01, § 1 (West Supp. 2022) (judgment is "written declaration" of trial court's oral pronouncements); *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002) (same). The trial court did not abuse its discretion when it granted the State's motion to cumulate and ordered Appellant's sentences to run consecutively. *See Barrow*, 207 S.W.3d at 381; *Nicholas*, 56 S.W.3d at 765. We overrule Appellant's fifth issue.

*The Trial Court's Judgments*

In his last issue, Appellant asserts that both the revocation judgment and the original judgment imposing community supervision are "void." First, Appellant contends that the original judgment and sentence, and by extension the revocation judgment and sentence, are "void" because Appellant was ineligible to receive community supervision at the time of his guilty plea in the underlying case. Second,

13

Appellant asserts that the sentence for the underlying case was "void" because the trial court violated his Sixth Amendment right to self-representation by appointing counsel to represent him. As for the former, Appellant asks that we reverse the original judgment with instructions that the trial court withdraw his original plea and allow Appellant to "replead." For the latter, Appellant requests that we vacate and remand the original case.

Because the instant proceeding is a direct appeal from the revocation proceeding and not from Appellant's original plea proceeding, we lack jurisdiction to consider Appellant's claims regarding the underlying case. *See Schibi v. State*, 635 S.W.3d 461, 464–66 (Tex. App.—Eastland 2021, no pet.). Unless the original order is void, "[t]he general rule is that an attack on the original conviction in an appeal from revocation proceedings is a collateral attack and is not allowed." *See Wright*, 506 S.W.3d at 481. In *Nix*, the Texas Court of Criminal Appeals listed four situations in which a judgment of conviction in a criminal case is void and therefore meets the exception to the general rule. *Id.* (citing *Nix*, 65 S.W.3d at 668). Those four situations are: (1) the document purporting to be a charging instrument does not satisfy the constitutional requisites of a charging instrument, (2) the trial court lacks subject-matter jurisdiction over the offense charged, (3) the record reflects that there is no evidence (not merely insufficient evidence) to support the conviction, and (4) an indigent defendant is required to face criminal trial proceedings without appointed counsel, when such has not been waived in violation of the right to counsel for indigent defendants. *Id.* at 482 & n.26 (citing *Nix*, 65 S.W.3d at 668 & nn.12–15); *Garcia v. State*, 549 S.W.3d 335, 341 (Tex. App.—Eastland 2018, pet. ref'd). Appellant has failed to establish that the void judgment exception applies. As such, we lack jurisdiction to consider Appellant's collateral attack on the trial court's original judgment imposing community supervision. *See Wright*, 506 S.W.3d at

14

481; *see also* TEX. R. APP. P. 25.2(a)(2) (describing when a criminal defendant may appeal); CRIM. PROC. art. 44.02 (same).

Appellant additionally contends that the trial court's revocation judgment is void because, although the judgment correctly states that the degree of offense is a second-degree felony and the sentence is accurate, it lists "causing seriously bodily injury family violence" after Appellant's original offense of "aggravated assault with a deadly weapon" and includes an incorrect Penal Code citation. In essence, the revocation judgment contains internal inconsistencies regarding the underlying offense of conviction.

Neither of the errors in the judgment change the offense for which Appellant was convicted, the degree of the offense for which Appellant is serving the imprisonment term, or the punishment ordered by the trial court, all of which are reflected in the judgment and on the record. The law on this point is very clear. We have the power *and an obligation* to modify the judgment of the court below to make the record speak the truth if the matter comes to our attention in any manner and if we have the necessary information to do so. *See Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd) (en banc); *see also* TEX. R. APP. P. 43.2(b); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (adopting the reasoning from *Asberry*). The authority of an appellate court to reform incorrect judgments is not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court. *See French*, 830 S.W.2d at 609; *Asberry*, 813 S.W.2d at 529–30; *see also* TEX. R. APP. P. 43.2(b); *Carmona v. State*, 610 S.W.3d 611, 618 (Tex. App.—Houston [14th Dist.] 2020, no pet.).

Accordingly, we modify the trial court's revocation judgment in the following respects: (1) to delete the "causing seriously bodily injury, family violence" language under "Offense for which Defendant convicted"; (2) to amend the Penal

15

Code reference under "Statute for Offense" to reflect the correct section under which Appellant was convicted—"22.02(a)(2)" instead of 22.02(b)(1); and (3) to delete the number "27" from the list of conditions that the trial court found Appellant violated, because, although not raised by Appellant on appeal, the trial court did not find the allegation relating to condition 27 to be "true" at the revocation hearing. *See* TEX. R. APP. P. 43.2.

### *This Court's Ruling*

We modify the trial court's judgment to delete "causing seriously bodily injury, family violence" and condition number "27" and to correct the Penal Code reference to "22.02(a)(2)." As modified, we affirm the judgment of the trial court.


W. BRUCE WILLIAMS
JUSTICE


December 8, 2022

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.